In the Matter of **HURT ENTERPRISES, INC., Bankrupt.**

**No. 69-BK-175-H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.
Jan. 28, 1971.

———◆———

Felix E. Edmunds, Edmunds, Freed & Cooley, Carter Allen, Allen & Dalton, Waynesboro, Va., for First & Merchants National Bank.

Charles E. Kelly, Staunton, Va., Trustee for Hurt Enterprises.

Colin J. S. Thomas, Jr., B. C. Goodloe, Staunton, Va., for HHK Property.

Anthony J. Baroody, Staunton, Va., for petitioner.

D. Allen Penick, Lexington, Va., P. Donald Moses, Staunton, Va., for Henry E. Osborne.

Benham M. Black, Staunton, Va., for Richard J. Heinrick, trading as Dick's Disposal and for Richard D. Miller, trading as Richard's Modern Welding.

## OPINION

WIDENER, District Judge.

This is a petition for review of an order of the Referee in Bankruptcy disallowing the claim of First and Merchants National Bank, petitioner, as a secured creditor.

In 1966, Granny Mustard Corporation, under an existing security agreement with petitioner Bank, gave the latter a chattel mortgage covering certain restaurant equipment, none of which was a fixture. Messrs. Mustard and Johnson and their wives were individual endorsers on the obligation secured by the mortgage. Financing statements reflecting this transaction and showing that the equipment was or was to be located at 816 Greenville Avenue in Staunton, Virginia were filed with the State Corporation Commission on February 28, 1966, and with the office of the Clerk of the Circuit Court of the City of Staunton on March 3, 1966.

In 1968, Granny Mustard Corporation sold the aforementioned equipment to Hurt Enterprises, Inc., who thereafter operated restaurants at 816 and 816½ Greenville Avenue, Staunton. Hurt Enterprises also acquired from Granny Mustard a restaurant located in Waynesboro, Virginia. This facility was closed, however, shortly after its transfer. Subsequent to May, 1968, and at all times relevant to this proceeding, Hurt Enterprises' only place of business was in Staunton. The Bank's ledger sheet showed that the indebtedness of Granny Mustard Corporation was transferred to Hurt Enterprises on April 24, 1968. Thereafter, on September 26, 1968, the equipment was refinanced and a note payable to Bank was executed. The note form, containing a "collateral agreement" provision, indicates that Messrs. Mustard, Arehart, Hurt and two other individuals were makers of the note, and that Hurt Enterprises signed the "collateral agreement" provision, and endorsed for a deficiency. The referee found, and it is not disputed, that the note was made by Hurt Enterprises and endorsed by Mustard and Arehart individually. On October 2, 1968, a financing statement was filed in the Office of the Clerk of the Circuit Court of Augusta County, Virginia, which showed Bank as the secured party and Hurt Enterprises as the debtor, and which listed as collateral "All restaurant equipment located at Granny's Coach House Restaurant, located at 816½ Greenville Avenue, Staunton, Virginia." A similar financing statement was filed with the State Corporation Commission on May 26, 1969.

On May 22, 1969, Hurt Enterprises executed a note payable to petitioner in the amount of $11,400.00, apparently the balance then owed by Hurt Enterprises. This note, endorsed individually by Messrs. Mustard, Arehart, Hurt, and their wives, also contained a "collateral agreement" provision indicating the deposit as collateral of the above-mentioned "financing statement on restaurant equipment" filed with the Clerk of the Circuit Court of Augusta County.

Hurt Enterprises was adjudged a bankrupt on its petition filed December 11, 1969. First and Merchants National Bank filed its claim as a secured creditor on January 15, 1970. The referee

held a hearing on the claim and found, *inter alia*, that the obligation owed petitioner by Granny Mustard Corporation had been satisfied, not assumed by Hurt Enterprises. By an order of April 16, 1970, the referee ruled that petitioner's claim be allowed as a general unsecured claim, on the ground that petitioner had failed to comply with the local-filing requirement of the Uniform Commercial Code, as adopted in Virginia. Va.Code § 8.9–401(1) (c) (1965 added vol.). Under this provision, the referee held a financing statement reflecting a security agreement between the bankrupt and petitioner was required to be filed with the Clerk of the Circuit Court of the City of Staunton, where the bankrupt had its place of business. The referee found that no such filing was made. The present petition followed.

Section 8.9–401 of the Code provides, in material part:

> "(1) The proper place to file [a financing statement] in order to perfect a security interest is * * * :
>
> * * * (c) * * * in the office of the State Corporation Commission and in addition, if the debtor has a place of business in only one county or city of this State, also in the office of the clerk of the court in which deeds are admitted to record of such county or city, * * * "

As noted, a financing statement listing the bankrupt as debtor was filed with the State Corporation Commission on May 26, 1969. Since Bankrupt's only place of business was in the City of Staunton, perfection of a security interest in bankrupt's property thus additionally required the filing of a financing statement with the Clerk of the Circuit Court of the City of Staunton, where "deeds are admitted to record." That requirement clearly was not met by the filing on October 2, 1968 in the office of the Clerk of the Circuit Court of Augusta County. Nor was it met by the earlier filing on March 3, 1966 of a financing statement in the Circuit Court of the City of Staunton, which statement listed Granny Mustard Corporation as debtor. Under § 8.9–403(4) of the Code, financing statements which are filed are indexed for public inspection according to the name of the debtor. Therefore, the filing in the office of the Clerk of the Circuit Court of the City of Staunton was not public notice that a security interest was claimed in the property of the bankrupt, Hurt Enterprises.

■ Courts have held, without apparent exception, that the dual filing requirement of the Uniform Commercial Code is mandatory, and that the filing of a financing statement in an improper place or not in all the places required is ineffective to perfect a security interest. Sequoia Machinery, Inc. v. Jarrett, 410 F.2d 1116 (9th Cir. 1969); In Re Bethlehem Concrete Corp., 306 F.Supp. 1047 (E.D.Pa.1969); In Re Nelson, [6 U.C.C. Rep. 857] (D.Utah 1969); In Re McQuaide [6 U.C.C.Rep. 419] (D.Vt.1969); and cases collected in Annot. 30 A.L.R.3d 9, 72 (1970). This court can find no basis in the present case for departure from the clear requirement of the Code.

■ The referee correctly held that petitioner was not entitled to the benefit of § 8.9–401(2) which provides that:

> "A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this title and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

The erroneous filing of a financing statement in the office of the Clerk of the Circuit Court of Augusta County did not, with regard to the named collateral, comply in any respect with the requirements of Title 8.9. "Filing in only one of two required places is not effective except as against one with actual knowledge." Va.Code § 8.9–401, official comment 5. There is here no allegation that any creditor had such knowledge.

The referee concluded that petitioner similarly was not entitled to rely upon § 8.9–301(3), which provides that an unperfected security interest is subordinate to the rights of a trustee in bankruptcy unless all of the creditors represented had knowledge of the security interest. Petitioner made no attempt to show such knowledge in the proceedings below and does not urge the point here.

Finally, the question of whether the collateral note form received by the petitioner on May 22, 1969 sufficed as a security agreement under § 8.9–203(1)(b) of the Code was presented to but not passed upon by the referee. Since this court upholds the referee's decision in all respects, that issue will not be considered here.

To summarize: By its noncompliance with the local filing requirement of Va. Code § 8.9–401(1) (c), petitioner failed to perfect a security interest in property owned by the bankrupt. By virtue of Va.Code § 8.9–301(3), petitioner's unperfected security interest is subordinate to the position of the trustee.

Accordingly, the referee's order of April 16, 1970 is affirmed and the bank's debt is allowed as an unsecured claim.

An order is this day entered consistent with this opinion.