**In re Eugene Franklin MAUCK, Jr., t/a Brambleton Street Ville, Bankrupt.**

**Civ. A. No. 73–BK–638–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

July 8, 1974.

As Amended July 30, 1974.

Richard S. Tilley, Roanoke, Va., for Eugene Franklin Mauck, Jr., appellant.

Lawrence C. Musgrove, Roanoke, Va., for United Virginia Bank/Security National, appellee.

### OPINION AND ORDER

TURK, Chief Judge.

This case is before the court pursuant to a Notice of Appeal filed by Havnaer Supply Company (hereinafter referred to as Havnaer) from an opinion and order of the Bankruptcy Judge entered on April 23, 1974. The narrow issue presented by this appeal is whether the Bankruptcy Judge correctly concluded that Havnaer failed to satisfy the filing requirements of § 8.9–401(1)(c) of the Uniform Commercial Code of Virginia (1965) with the result that its claim against the bankrupt estate of Eugene F. Mauck, Jr., t/a Brambleton Street Ville, is unsecured.

The pertinent facts of the case have been stipulated by counsel for Havnaer and the trustee for the bankrupt. Pursuant to a conditional sales contract, Havnaer sold various equipment to the bankrupt to be used in a laundromat in the bankrupt's small shopping center known as Brambleton Street Ville. This equipment consisted of washing ma-

chines, dryers, a dry cleaning machine, a hot water boiler, utility manifolds and a folding table. In conjunction with the sale of this equipment, Havnaer executed a security agreement and filed a financing statement with the State Corporation Commission and the Clerk of the Circuit Court for the City of Roanoke. Thereafter, when Mr. Mauck filed his petition for bankruptcy, Havnaer submitted a proof of claim based on the aforesaid sale of equipment claiming $33,738.93 as a secured debt.

The crux of the dispute in this case turns on the fact that the bankrupt's shopping center, although located primarily in Roanoke County, extends partially into the City of Roanoke. The shopping center contains a building with apartments, a convenience store and a laundromat. In addition, there is a black-topped parking lot, a sign which is a directory of the occupants, and a telephone booth. The total area covered by the shopping center is 0.63 acres, and of this area the portion which extends into the City of Roanoke is approximately 35 x 65 feet.[1] The building which housed the bankrupt's business was located in the county, and his merchant's license and property taxes were assessed by the county. That part of the land within the city contains a portion of the parking lot, the sign and the phone booth.

The statutory section pertinent to the question of whether Havnaer properly filed its financing statement and thus perfected its security interest in the equipment sold to the bankrupt is § 8.-9–401(1)(c) of the Uniform Commercial Code of Virginia (Supp.1973):

"The proper place to file in order to perfect a security interest is as follows:

(c) . . . in the office of the State Corporation Commission and in addition, if the debtor has a place of business in only one county or city of this State, also in the office of the clerk of the court in which deeds are admitted to record of such county or city. . . .

The issue is thus whether, in light of the aforementioned description of the bankrupt's business, Havnaer complied with the above statutory filing requirement by filing locally in the City of Roanoke as opposed to Roanoke County. There is no dispute that if Havnaer did not satisfy the dual filing requirements of § 8.9–401(1)(c) its security interest in the equipment is unperfected and subordinate to the rights of the trustee in bankruptcy.[2]

Havnaer argues that the bankrupt's shopping center should be considered as an integrated whole existing in two independent jurisdictions and that consequently a hypothetical creditor with an interest in whether the laundromat equipment was encumbered would be expected to check both jurisdictions for financing statements. It thus contends that the purpose of the filing requirement—notifying subsequent purchasers and creditors of existing security interests—is satisfied in this case by filing in either the city or county.

The difficulty with this argument is simply that the facts do not support the premise that the bankrupt's business was so situated that local filing in a single specific jurisdiction was not mandated by the statute. The statute speaks in terms of the debtor's "place of business" as determining jurisdiction

---

1. The court's calculations indicate that 0.63 acres is about 27,443 square feet, and the portion of lot extending into the city is approximately 2275 square feet or approximately 8% of the total area.

2. Pursuant to § 8.9–401(2) a financing statement filed in good faith in the wrong place is effective against a person having actual knowledge of its contents; but pursuant to

§ 8.9–301(3) a trustee in bankruptcy is considered a lien creditor without knowledge of a security interest, and thus with priority over unperfected security interests, unless all of the creditors he represents have knowledge of the security interest. Havnaer made no attempt to show actual knowledge of the financing statement on the part of the other creditors.

for local filing purposes. The Bankruptcy Judge concluded, and this court agrees, that without question the bankrupt's "place of business" was in Roanoke County. As noted, the entire physical structure into which the equipment was installed was in the county, and the bankrupt was licensed and taxed by the county. The relationship of the bankrupt's place of business to the City of Roanoke was limited to the circumstances that a sign, a phone booth and a small portion of the parking lot extended into the city. In view of these facts, the court is of the opinion that the only reasonable conclusion consistent with the statutory purpose of providing local notice is that the bankrupt's place of business was in Roanoke County.

Although there are apparently no cases presenting the exact issue as that raised here, the Bankruptcy Judge amply supported his conclusion with analogous case law. For example, in P. S. Products Corporation v. Equilease Corporation, 435 F.2d 781 (2nd Cir. 1970) the question was whether the local filing requirements of the § 9–401(1)(c) of the New York Commercial Code had been satisfied. The bankrupt's business was located in the Town of Farmingdale, New York which was primarily in Nassau County but extended into Suffolk County. Although the bankrupt's place of business was physically in Suffolk County, its Certificate of Incorporation listed its location as Nassau County and further listed a Nassau County law firm as its agent for service of process. The bankrupt was also listed in the Nassau County telephone book and leased a post office box in Nassau County. Presumably in reliance on these factors the appellant had filed its financing statement with county clerk of Nassau County. The court held that the proper place for filing was nevertheless Suffolk County where the bankrupt's actual place of business was located. *Accord*, In Re Kalinoski, 13 UCC Rep.Serv. 387 (D. Wis.1973).

The filing requirements of the Uniform Commercial Code are precise and mandatory, see In Re Hurt Enterprises, Inc., 321 F.Supp. 1307 (W.D.Va. 1971); and although the result of such strict application to a case such as this seem harsh in view of the oversight involved, the court is of the opinion that any other result would invite inconsistent decisional law which the Uniform Commercial Code seeks to avoid. See § 8.1–102 of the Uniform Commercial Code of Virginia (1965).

In conclusion, it is the judgment of this court that Havnaer failed to comply with the local filing requirement of § 8.9–401(1)(c) of the Uniform Commercial Code of Virginia with the result that its security interest in the aforementioned equipment sold to the bankrupt is unperfected. Accordingly, the opinion and order of the Honorable H. Clyde Pearson, Bankruptcy Judge, is affirmed in all respects.