**In re Jacob Matthew PHILLIPS, Charlene Tweedy Phillips, t/a Village Variety 5 & 10, Debtors.**

**CREDITWAY OF AMERICA, Movant,**

**v.**

**Jacob M. PHILLIPS, et ux., Respondents.**

**Bankruptcy No. 7–85–00711–A.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Dec. 16, 1985.

Kwass, Stone, McGhee & Feuchtenberger, Bluefield, W.Va., and W.L. Osborne, Jr., Bluefield, Va., for debtor/respondents.

Copeland, Molinary & Bieger, Abingdon, Va., for movant.

Robert E. Wick, Jr., Bristol, Va., trustee.

### MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue for determination is whether the motion of Creditway of America ("Creditway") for relief from the stay to repossess collateral should be granted.

Upon hearing before the Court *ore tenus*, the facts appeared as follows. The Debtors, Jacob M. Phillips and his wife, Charlene T. Phillips, jointly owned the Village Variety 5 & 10 Store in Bluefield, Virginia. In addition, Mrs. Phillips was employed, as she still is to this date, as a Computer Science teacher at the Wytheville Community College.

On December 1, 1984, Mrs. Phillips entered into a retail installment sales contract with Holdren's, Inc. for the purchase of an IBM Leading Edge color computer, Panasonic printer, printer cable, printer paper, and 3M diskettes. The contract, which was also a security agreement, provided for total payment of $3,175.68, with monthly payments of $132.32 to begin on March 5, 1985.

On December 1, 1984, Holdren's executed an assignment of the contract to Creditway.

The sole testimony presented was that of the Debtor, Mrs. Phillips, and one Robert Benson. Benson, a branch manager of Creditway, testified that a credit check was done on Mrs. Phillips but that he had no knowledge of any conversations between representatives of Holdrens and Mrs. Phillips since Creditway did not deal with her directly.

Mrs. Phillips testified that at the time of purchase, she informed the salesperson at Holdren's that she was purchasing the computer for professional use in her teaching assignments as well as for use in the variety store. One of the software programs purchased was a Practical Accounting program for business transactions. Mrs. Phillips also received the special discount price which Holdren's gives to state instructors for their teaching use.

The computer was used in the store for a period of time prior to its closing in April, 1985. The Chapter 7 petition was filed on June 26, 1985. The last payment made on the account was on March 26, 1985. The present balance due and owing is $2,597.79. No financing statement was ever filed in this case. Creditway contends that it was not required to perfect its interest since the items were consumer goods and, as such, the security agreement itself is adequate to perfect a security interest in the computer. The Debtors contend that the computer items were not consumer goods but equipment and that, as such, it was necessary for Creditway to file to perfect and protect its secured interest.

This matter more appropriately should have been brought on as an adversary proceeding under *Rule* 7001(2) since it essentially determines the validity of the lien of Creditway. The Court will proceed, however, as a motion for lien avoidance as well as relief from the stay pursuant to *Rule* 4003(d).

The key factor in determining whether to grant Creditway's motion for relief is the classification of the collateral. *Virginia Code* § 8.9–302(1)(d) provides that "a financing statement shall be filed to perfect all security interests except ... a purchase money security interest in consumer goods." If the computer items are classified as consumer goods, then Creditway, as assignee of Holdren's, would not need to file a financing statement to have a perfected security interest in the collateral. See *Virginia Code* § 8.9–302(2).[1] However, if the computer items are classified as equipment then, pursuant to *Virginia Code* § 8.9–401(c)[2], it would be necessary for Creditway to have a dual filing to per-

**1.** *Virginia Code* § 8.9–302 provides that "If the secured party assigns a perfected security interest, no filing under this title is required in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor."

**2.** *Virginia Code* § 8.9–401(c) states that in all other cases not provided for in subsections (a) and (b), the proper place to file in order to perfect a security interest is "in the office of the

State Corporation Commission and in addition, if the debtor has a place of business in only one county or city of this Commonwealth, also in the office of the clerk of the court in which deeds are admitted to record of such county or city, or, if the debtor has no place of business in this Commonwealth, but resides in the Commonwealth, also in the office of such clerk of the county or city in which he resides; ..."

fect its security interest. *See generally In re Yale Mining Corp.*, 39 B.R. 201, 202 (Bankr.W.D.VA 1984).

*Virginia Code* § 8.9–109 outlines the classification of collateral. In pertinent part, it provides that

"Goods are

(1) 'consumer goods' if they are used or bought for use primarily for personal, family, or household purposes;

(2) 'equipment' if they are used or bought for use primarily in business (including farming or a profession) ..."

■■■ The test for the classification of goods under *Virginia Code* § 8.9–109 is the owner's use of the goods. *In re ASW III Builder-Contractor, Inc.*, 12 B.R. 29, 31 (Bankr.E.D.VA 1981). The classes of goods are mutually exclusive. The same property cannot be in two classes at the same time and as to the same person. Official comment to *Virginia Code* § 8.9–109, n. 2; J.B. *Michie's Jurisprudence*, Commercial Law § 96. Thus, an item cannot, for example, be classified as both consumer goods and equipment.

The evidence before this Court indicates that the computer items were purchased for use primarily in business rather than for personal, family, or household purposes. Mrs. Phillips' uncontradicted testimony is that at the time of purchase, she informed the salesperson at Holdren's that the computer would be used for her teaching assignments as well as in the variety store. She received a special discount as a state instructor for purchase of the items for use in teaching. Mrs. Phillips also indicated that she purchased this computer with its memory capability to handle business transactions, and that she purchased a software package on Practical Accounting for business billing. These facts and circumstances should have provided sufficient notice of the use of the items for classification purposes such that financing statements could have been filed properly to perfect the security interest under *Virginia Code* § 8.9–401(c).

■■ Courts have held without exception that the *Uniform Commercial Code* filing requirements are mandatory and that the filing of a financial statement in an improper place or not in all the places required is ineffective to perfect a security interest. *In re Mauck*, 378 F.Supp. 904, 906 (W.D.VA 1974); *In re Hurt Enterprises*, 321 F.Supp. 1307, 1309 (W.D.VA 1971), and the cases cited therein. Although the application of rules in a given case may be harsh, any other result would invite inconsistency which the *Uniform Commercial Code* was enacted to avoid. *See Virginia Code* § 8.1–102(2)(c).

On the evidence presented, the collateral should and is hereby found to be classified as equipment and, having not filed in all places required, Creditway holds an unperfected security interest against the Debtors' exemption rights therein.

The Debtor has a right under 11 U.S.C. § 522(h) and (i), upon specified conditions, to stand in the shoes of a Trustee and recover property, as well as exempt it, if the Trustee does not exercise the power. 11 U.S.C. § 522(h)(2) and (i). *See In re DiPalma*, 24 B.R. 385, 387 (Bankr.D.MA 1982); *In re Fagan*, 26 B.R. 212, 214 (Bankr.W.D.KY 1982); *In re Smith*, 45 B.R. 100, 103 (Bankr.E.D.VA 1984). *See generally In re Nutting*, 44 B.R. 233, 238 (Bankr.D.VT 1984); *Matter of Tressler*, 41 B.R. 779, 781 (Bankr.D.DE 1984); *In re Jones*, 21 B.R. 469, 472 (Bankr.D.SC 1982); *In re Coleman*, 21 B.R. 832, 835 (Bankr.S. D.TX 1982); *In re Boyd*, 26 B.R. 772, 776 (Bankr.D.MN 1982); 3 *Collier on Bankruptcy*, ¶ 522.30 at 522–90 (15th ed. 1985); 1 *Norton Bankruptcy Law & Practice*, §§ 26.44, 26.46 (1981). The exemption provisions are designed to give debtors the right of avoidance which a Trustee could have pursued but chose not to. *In re Evans*, 30 B.R. 744, 746 (Bankr.N.D.OH 1983); *In re Mayo*, 19 B.R. 630 (Bankr.E.D.VA 1981); *In re Pierce*, 6 B.R. 18 (Bankr.N. D.IL 1980); 3 *Bankruptcy—L.Ed.*, Code Commentary and Analysis § 22:58 (1983); 3 *Collier on Bankruptcy*, ¶ 522.30 at 522–90. *See also Deel Rent-A-Car, Inc. v. Le-*

*vine,* 721 F.2d 750, 757 (11th Cir.1983) (debtor is given avoidance powers to protect his own exemptions since the Trustee might have little incentive to do so).

 A Trustee in bankruptcy takes priority in rights to collateral over a secured party with an unperfected security interest at the date of filing of the bankruptcy petition. *In re Yale Mining Corp., supra,* at 202; *In re Hurt Enterprises, Inc., supra; Virginia Code* § 8.9–301(1)(b) and (3).[3] Accordingly, the motion of Creditway for relief from the stay is ORDERED denied.

Joan D. Buckley, Las Vegas, Nev., for debtor.

---

**3.** *Virginia Code* § 8.9–301(1) provides in pertinent part that "(1) except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of ... (b) a person who becomes a lien creditor before the security interest is perfected."

*Virginia Code* § 8.9–301(3) defines a lien creditor as "a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and *a trustee in bankruptcy from the date of the filing of the petition* or a receiver in equity from the time of appointment." (emphasis added)