**REVERSE and REMAND; and Opinion Filed August 7, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00373-CV

**KEN-DO CONTRACTING, L.P., Appellant**

**V.**

**F.A. BROWN'S CONSTRUCTION, L.L.C., d/b/a BROWN CONSTRUCTION and BROWN'S CONCRETE CONSTRUCTION, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-09249**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Brown

Appellant Ken-Do Contracting L.P. ("Ken-Do") appeals a judgment in favor of F.A. Brown's Construction, L.L.C. d/b/a Brown Construction and Brown's Concrete Construction ("Brown"). Ken-Do raises five issues on appeal. In its first issue, Ken-Do asserts the trial court erred in failing to transfer venue from Dallas County to Ellis County. Ken-Do's remaining issues relate to the amount of damages and attorney's fees awarded. Because we conclude there is no evidence to show venue was proper in Dallas County, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

# I.  BACKGROUND

Ken-Do was the general contractor on a Texas Department of Transportation construction project in Johnson County.  In 2012, Ken-Do and Brown entered into a subcontract agreement for Brown to perform concrete work related to the project.  Brown subsequently sued Ken-Do in Dallas County for breach of contract.  Brown alleged venue was proper in Dallas County because Ken-Do had a principal office in Dallas County.

Ken-Do filed a motion to transfer venue denying it had a principal office in Dallas County and requesting the trial court transfer venue to Ellis County, where it did have a principal office.  Brown filed a response to Ken-Do's motion, supported by the affidavit of its Vice President Thomas Brown.  In his affidavit, Brown stated that Ken-Do had a principal office in Dallas County.  To support the allegation, Brown relied on various documents attached to his affidavit that showed Ken-Do used a Dallas County post office box to conduct business.   Brown also asserted that because Ken-Do used that address on all of the correspondence related to the contract all, or a substantial part of, the events giving rise to its claim occurred in Dallas County.  The trial court denied Ken-Do's motion.  Following a jury trial, the trial court rendered judgment in favor of Brown, awarding it damages and attorney's fees.  Ken-Do appeals.

In its first issue, Ken-Do asserts the trial court erred by denying its motion to transfer venue because: (1) venue in Dallas County was not proper; and (2) venue in Ellis County was proper.  Brown responds that venue was proper in Dallas County but, even if it was not, Ken-Do waived its objection to venue by failing to obtain a hearing on its motion to transfer venue for eight months.  We begin with Brown's waiver argument.

## II.    WAIVER OF VENUE

It is well settled that a party may, after filing a motion to transfer, waive its objection to venue by taking actions inconsistent with an intent to pursue the motion. *CMH Set & Finish, Inc. v. Taylor*, 05-14-01407-CV, 2016 WL 1254063, at \*5 (Tex. App.—Dallas Mar. 31, 2016, pet. denied); *Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 446 (Tex. App.—Dallas 2006, no pet.). Such actions are generally those that invoke the judicial powers of the court. *CMH Set & Finish,* 2016 WL 1254063 at \*5. In addition, because the movant has an affirmative duty to ask the trial court to set the motion to transfer venue for a hearing, a court can consider the movant's delay in requesting a setting in determining whether the movant waived its venue objection. *CMH Set & Finish, Inc.*, 2016 WL 1254063 at \*6; *see also* TEX. R. CIV. P. 87.

Here, Brown asserts Ken-Do waived its objection to venue based entirely on an eight-month delay between the date Ken-Do filed its motion to transfer and the date of the hearing on the motion. The date of the hearing does not, however, show when Ken-Do *requested* its motion be set. *See Bristol v. Placid Oil Co.*, 74 S.W.3d 156 (Tex. App.--Amarillo 2002, no pet.) (date of hearing on motion to transfer does not show movant delayed in requesting the hearing); *see also* TEX. R. CIV. P. 87 ("Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer.") Moreover, the record does not show that Ken-Do committed any acts indicating it did not intend to pursue the motion or that were otherwise inconsistent with its position in the motion. *See, e.g., CMH Set & Finish, Inc.*, 2016 WL 1254063 at \*6-7 (movant's failure to request a hearing on motion to transfer for eighteen months during which time movant agreed to scheduling order which included a trial date setting waived its objection to venue). We conclude the record fails to show Ken-Do waived its objection to venue.

## III.    PROPER VENUE

### A. Applicable Law

Venue may be proper in more than one county and the plaintiff gets the first choice to fix venue by filing suit.  *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). (orig. proceeding).  But if the plaintiff files suit in an improper venue, it waives its choice of venue and the defendant may have the suit transferred to another county, so long as venue is proper in that county. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1) (West 2017); *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 216 (Tex. 1999).

In an appeal from a trial on the merits, the standard of review we apply to a trial court's venue decision is mandated by Section 15.064(b) of the Texas Civil Practice and Remedies Code.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West 2017); *Ruiz v. Connoco*, 868 S.W.2d 752, 757 (Tex. 1993).  Section 15.064 requires that we consider the entire record, including the trial on the merits, to determine whether venue was or was not proper in the county of suit. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b).  If there is no probative evidence to show venue was proper in the county of suit, we must then determine whether there is any probative evidence in the record to show venue was proper in the county to which transfer was sought.  *Id*; Ruiz, 868 S.W.2d at 757.  If there is any probative evidence to show venue was proper in that county, we remand with instructions to the trial court to transfer to that county. *Ruiz*, 868 S.W.2d at 757.  If there is no probative evidence to show venue was proper in either the county of suit or the county to which transfer was sought, we must remand to the trial court for further proceedings on the venue issue.  *Id*.

## B. Application

The first issue we must address is whether there is any probative evidence in the record that venue was proper in Dallas County. Brown first asserts venue was proper in Dallas County because Ken-Do had a principal office in Dallas County.

A lawsuit may be brought "in the county of the defendant's principal office of this state, if the defendant is not a natural person." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3) (West 2017). Principal office is defined as an office of a corporation "in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." *Id.* at § 15.001(a). "Decision makers" are not mere agents or representatives of a business entity, but the individuals with the authority to control and direct the daily affairs of the entity. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 217, 220.

Here, the only evidence in the record to show Ken-Do had *any* office in Dallas County is evidence that Ken-Do used a Dallas County post office box as its mailing address. Evidence of Ken-Do's post office box showed nothing more than where Ken-Do could receive mail. At most, it showed *someone* on behalf of Ken-Do retrieved its mail in Dallas County, not that a decision maker did so. *Id.* In any event, a post office box is not a business office; it is a receptacle in a postal facility and it is under the control of the United States Postal Service. *See generally*, 39 U.S.C.A. §§ 101 *et seq.*; *see also United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012). It follows that a post office box is not a location where the decision makers of a business can manage its daily affairs. *Cf. Bozeman v. Arlington Heights Sanitarium*, 134 S.W.2d 350, 352 (Tex. App.—Dallas 1939, writ ref'd) (under former statute principal office is place where officers and agents of entity are expected to be performing their duties); *Smith v. Kroesen*, Civ. A. No. 10–5723(NLH)(AMD), 2013 WL 6187229, at *2 (D.N.J. Nov. 26, 2013)

(post office box cannot be a principal place of business); *Spencer v. Pocono Int'l Raceway, Inc.*, Civil Action No. 3:12–cv–1050, 2012 WL 2050168, at *2 (M.D. Pa. June 6, 2012) (post office box may not serve as principal place of business); *Taylor ex rel. Gibbens v. Medicalodges, Inc.*, 236 P.3d 573 (Kan. Ct. App. 2010) (post office box, not a business office); *in re Yale Min. Corp.*, 39 B.R. 201, 204 (Bankr. W.D. Va. 1984) (mere use of a post office box is insufficient to constitute a place of business). We conclude the post office box constitutes no probative evidence that Ken-Do had a principal office in Dallas County.

Brown also asserts the affidavit of its Vice President which states that Ken-Do had a principal office in Dallas County is some evidence that Ken-Do had a principal office in Dallas County. However, that statement is nothing more than a conclusion; it constitutes no evidence. *See Texas Ethics Commission v. Sullivan*, 2015 WL 6759306, Tex. App.—Fort Worth, Nov. 05, 2015, pet. denied); *Republic Bankers Life Ins. Co. v. McCool*, 441 S.W.2d 314, 315–16 (Tex. Civ. App.—Tyler 1969, no writ) (statement in venue affidavit that plaintiffs were "residents of Hopkins County" legal conclusion); *see also Nat. Gas Pipeline Co. of Am. v.* Justiss, 397 S.W.3d 150, 161 (Tex. 2012) (conclusions without explanation are no evidence). We conclude there is no probative evidence in the record to show Ken-Do had a principal office in Dallas County.

Brown also asserts venue was proper in Dallas County because all or a substantial part of the events or omissions giving rise to its claim occurred in Dallas County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1). When determining venue for a breach of contract claim, we consider where the contract was made, where it was performed, and where it was breached. *See In re Red Dot Bldg. System, Inc.*, 504 S.W.3d 320, 323 (Tex. 2016).

To show a substantial portion of the acts giving rise to its breach of contract claim occurred in Dallas County, Brown again relies on Ken-Do's post office box address. Brown

argues because all of the correspondence related to the contract showed Ken-Do's address was in Dallas County, venue was proper in Dallas County. We disagree.

The record shows Brown's breach of contract claim was based on Ken-Do's failure to pay Brown for construction work Brown performed in Johnson County. The record does not show where the contract was formed, where Ken-Do performed under the contract, or where Ken-Do allegedly breached the contract. We conclude there is no probative evidence in the record to show all, or a substantial portion of, the acts or omissions giving rise to Brown's claim occurred in Dallas County. We therefore conclude Brown has failed to show venue was proper in Dallas County.

Next, we must determine whether there is any probative evidence in the record to show venue was proper in Ellis County, the county to which Ken-Do sought transfer. *See Mo. Pac.*, 998 S.W.2d at 216; *Ford Motor Co.*, 473 S.W.3d at 931. Ken-Do argues venue was proper in Ellis County because it had a principal office in Waxahachie, Ellis County. It relies on evidence that its registered office for service of process was in Waxahachie.

A registered office is nothing more than the location an entity has designated where it can be served with legal process. *Ford Motor Co.*, 473 S.W.3d at 931. It does not show the principal decision makers of the entity conducted its daily affairs from that location. *Ford Motor Co.*, 473 S.W.3d at 931. Moreover, in this case, the record reflects that, despite three attempts, Ken-Do could *not* be served at its registered office. Eventually, the trial court granted Brown's request to serve Ken-Do through the Texas Secretary of State.

Ken-Do also argues that evidence Brown sent a change order and invoice addressed to "Ken Halverson with Ken Do Contracting" at the same address as its registered office is some evidence that Ken-Do had a principal office in Ellis County. However, Brown sent the change

order and invoice by fax. Moreover, all of the correspondence in the record that was addressed directly to Ken-Do used the Dallas County post office box. We conclude there is no evidence in the record to show Ken-Do had a principal office in Ellis County.

Having concluded neither party made the necessary venue showing, we reverse the trial court's judgment and remand to the trial court to conduct further proceedings on the issue of venue. *See Ruiz*, 868 S.W.2d at 758.


/Ada Brown/
ADA BROWN
JUSTICE

160373F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEN-DO CONTRACTING, L.P., Appellant

No. 05-16-00373-CV      V.

F.A. BROWN'S CONSTRUCTION, LLC, D/B/A BROWN CONSTRUCTION AND BROWN'S CONCRETE CONSTRUCTION, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-13-09249.
Opinion delivered by Justice Brown. Justices Francis and Schenck participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court to conduct further proceedings on the issue of venue.

      It is **ORDERED** that appellee F.A. BROWN'S CONSTRUCTION, LLC, D/B/A BROWN CONSTRUCTION AND BROWN'S CONCRETE CONSTRUCTION recover its costs of this appeal from appellant KEN-DO CONTRACTING, L.P.


Judgment entered this 7th day of August, 2017.