In re Jimmy L. McWHORTER, a/k/a Jimmy Leroy McWhorter, Debtor.

Robert F. ANDERSON, Trustee, Plaintiff,

v.

The SOUTH CAROLINA NATIONAL BANK and Brenda L. McWhorter, Defendants.

Bankruptcy No. 82–00747.
Adv. No. 82–0947.

United States Bankruptcy Court, D. South Carolina.

Jan. 31, 1984.

Reid B. Smith, Anderson & Robinson, Columbia, S.C., for plaintiff.

Stanley McGuffin, Columbia, S.C., for defendant S.C. Nat. Bank.

John S. Huggins, Irmo, S.C., for defendant McWhorter.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

In this adversary proceeding the trustee, pursuant to 11 U.S.C.[1] § 542(a)[2], is seeking an order compelling the South Carolina National Bank (SCN) to turn over to the trustee funds on deposit in the debtor's bank accounts in SCN on the date that the debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701, *et seq.*). SCN contends that the funds on deposit are of inconsequential value, or benefit, to the estate and, therefore, are not subject to turnover.

The trustee also seeks an order compelling Brenda L. McWhorter (the debtor's wife) to turn over a motor vehicle to the estate. Brenda L. McWhorter opposes that on the ground that she was the equitable owner of the car prior to the filing of the petition for relief.

In a cross-complaint against Brenda L. McWhorter, SCN has requested that its previously satisfied lien on the motor vehicle be reinstated or, alternatively, that the vehicle be turned over to the trustee subject to SCN's lien. In answer to SCN's cross complaint, Brenda L. McWhorter, reaffirming her contention that she was the equitable owner of the car prior to the filing of the petition for relief, opposes the relief sought in the cross-complaint.

## STATEMENT OF FACTS

On November 20, 1979, the debtor gave a promissory note and purchase-money securi-

---

1. Further reference to sections of the Bankruptcy Code of 1978 will omit the identically numbered sections of Title 11, United States Code.

2. § 542(a) states as follows:

   [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

ty agreement to SCN for the purchase of a 1980 Buick automobile. The certificate of title to the Buick issued in the debtor's name evinced the first lien held by SCN. Upon the debtor's default on the note, SCN, on March 5, 1982, placed a "hold" on one of two checking accounts which the debtor maintained with SCN in the amount of $4,132.60—the balance due on the note as of that date.

On August 24, 1981, the debtor and his wife, the defendant Brenda L. McWhorter, executed a separation agreement which in part provided that the debtor would continue making payments on the Buick to SCN but would transfer title in the car to his wife. That agreement was incorporated into the divorce decree issued by the Greenwood County Family Court on September 23, 1981. Upon the debtor's subsequent failure to make the payments to SCN, Brenda L. McWhorter petitioned the Family Court for an order holding the debtor in contempt. On May 3, 1982, the Family Court ordered the debtor to transfer title to the Buick to Brenda L. McWhorter.

At 8:30 A.M. on May 6, 1982, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

Later that day, the Family Court issued an order of contempt holding that Brenda L. McWhorter had all of the equity interest in the Buick since September 23, 1981, the date of the divorce decree, and ordering the debtor to begin serving a ninety day sentence on May 7, 1982 unless he purged himself of the contempt by, in part, transferring legal title in the Buick to Brenda L. McWhorter by 10:00 A.M. on May 6, 1982. Thereupon, the debtor executed an assignment of all his legal right, title and interest in the Buick to Brenda L. McWhorter who, on May 6, 1982, executed a third party collateral assignment agreement pledging her interest in the Buick to SCN. Sometime between May 6, 1982, and July 1, 1982, the debtor transferred legal title in the Buick to Brenda L. McWhorter by having her name recorded on the certificate of title.

SCN continued its "hold" on the debtor's account, and, on July 1, 1982, setoff from the debtor's account the sum of $3,485.25, the amount then due on the note. Subsequently, SCN, after satisfying its lien on the certificate of title, delivered the certificate of title to Brenda L. McWhorter.

SCN did not seek relief from the automatic stay in the bankruptcy court prior to effectuating the setoff although it had knowledge of the filing of the debtor's Chapter 7 petition for relief. The trustee has demanded the turnover of the funds which were in the debtor's accounts as of the date of the filing of the petition for relief. Although SCN has not complied with this demand, it has turned over the funds remaining in the debtor's account after the setoff.

## DISCUSSION

### I.

THE FUNDS IN THE DEBTOR'S ACCOUNTS WITH SCN ON THE DATE OF THE FILING OF THE DEBTOR'S PETITION FOR RELIEF WERE OF GREAT VALUE TO THE DEBTOR'S ESTATE.

In opposing the trustee's demand for turnover of the funds, SCN relies on the provision of § 542(a) which excepts from turnover property that is of "inconsequential value or benefit to the estate." The funds in the debtor's accounts on May 6, 1982, the date of the filing of the petition for relief under Chapter 7, amounted to approximately $4,171. In this case, $4,171 is not property of inconsequential value. Therefore, "the holder of the property [will] not be excused from turnover." H.Rep. No. 95–595, 95th Cong., 1st Sess. 369 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 84 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 6325.

### II.

SCN'S SETOFF VIOLATED THE AUTOMATIC STAY IMPOSED BY § 362 AND WAS THEREFORE VOID.

On May 6, 1982, the date of the filing of the debtor's petition for relief, the funds in the debtor's accounts with SCN became property of the estate. Under § 541(a)(1), the estate is comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case." The question of what constitutes property of the estate within the meaning of § 541 is to be resolved under federal bankruptcy law. *Braggs Electric Construction Co. v. Rebsamen Companies (In re Braggs Electric Construction Co.),* 6 B.R. 619 (Bkrtcy.E.D.Ark.1980). Although SCN had placed a "hold" on one of the debtor's accounts prior to the filing of his petition for relief, the funds had not been applied to the satisfaction of the debt. Therefore, no setoff was completed prior to the creation of the estate. *See, Kenney's Franchise Corp. v. Central Fidelity Bank (In re Kenney's Franchise Corp.),* 9 B.C.D. 675, 22 B.R. 747 (D.C.W.D.Va.1982). Consequently, the funds were the property of the debtor when he filed his petition for relief under Chapter 7 of the Bankruptcy Code and, thereupon, became property of the estate.

Section 553 does not create—it merely preserves—a creditor's right to offset a mutual debt in bankruptcy proceedings by providing that the right will not be affected by the provisions of Title 11. § 553(a)[3]; H.Rep. No. 95–595, 95th Cong., 1st Sess. 377 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 91–92 (1978); 4 *Collier on Bankruptcy,* ¶ 553.02 (15th ed. 1982).

The right to offset a mutual debt is subject, however, to the automatic stay imposed by § 362(a)(7). Thus, SCN should not have offset funds in the debtor's account without first obtaining, under § 362(d), relief from the automatic stay.

Actions taken in violation of the automatic stay are void and without effect.

*Borg Warner Acceptance Corp. v. Hall (In re Hall),* 685 F.2d 1306 (11th Cir.1982); *In re Wheeler,* 5 B.R. 600, 2 C.B.C.2d 980 (Bkrtcy.N.D.Ga.1980). Because SCN's actions to offset the funds are void, the funds became property of the estate on May 6, 1982, upon the filing of the petition for relief.

This court will, therefore, in the exercise of its § 105(a)[4] authority, require SCN to turn over the funds to the trustee and seek satisfaction of its indebtedness by proceeding against the Buick automobile, or, if SCN wishes to seek relief from the § 362(d) stay, to deposit the funds previously offset in violation of the stay in an interest-bearing account in the name of Robert F. Anderson, Trustee for Jimmy L. McWhorter. If SCN seeks relief from the stay, this court will then consider its right to offset the funds.

### III.

### THE DEBTOR HELD LEGAL TITLE TO THE BUICK AT THE COMMENCEMENT OF HIS CASE UNDER TITLE 11, THEREFORE, THE BUICK BECAME PROPERTY OF THE ESTATE.

Under § 541(a), an estate is created upon the commencement of a case under Title 11 which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). When the debtor's case under Chapter 7 was commenced at 8:30 A.M. on May 6, 1982, the Buick became property of the estate because the debtor then held legal title to the Buick, and a person who holds legal title to a vehicle is the "owner." Motor Vehicle Financial Responsibility Act, S.C.Code § 56–9–20(11) (1976).

The Legislative History to § 541 says that "[t]he debtor's interest in property also

---

**3.** § 553(a) states as follows:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim

of such creditor against the debtor that arose before the commencement of the case, ...

**4.** § 105 states as follows:

(a) The bankruptcy court may issue any order, process, or judgment that is necessary of appropriate to carry out the provisions of this title.

includes 'title' to property, which is an interest, just as are a possessory interest, or leasehold interest, for example." S.Rep. No. 95–989, 95th Cong.2d Session 82 (1978), U.S.Code Cong. & Admin.News, p. 5868.

## IV.

### THE COMMENCEMENT OF THE DEBTOR'S CASE UNDER TITLE 11 DID NOT RELIEVE THE DEBTOR OF COMPLIANCE WITH THE FAMILY COURT ORDER, BUT THE FAMILY COURT'S ORDER IS INEFFECTIVE AGAINST THE BANKRUPTCY ESTATE.

■ The validity of the order issued by the Family Court on May 6, 1983 (after the debtor filed his Chapter 7 petition for relief) need not be addressed, except insofar as it affects the estate. The trustee, as the representative of the debtor's bankruptcy estate, was not a party to the post-petition proceedings in the Family Court; thus, the Family Court's order was ineffective against the estate. *See, Willard v. Willard (In re Willard),* 8 B.C.D. 553, 15 B.R. 898, 5 C.B.C.2d 1081 (Bkrtcy.App. 9th Cir.1981), which held that a post-petition state court judgment requiring the husband-debtor to convey property to the wife could be enforced only if, and when, the debtor obtained the property back from the estate.

## V.

### PROPERTY OF THE ESTATE MAY BE TRANSFERRED OUTSIDE THE NORMAL COURSE OF BUSINESS ONLY WITH THE APPROVAL OF THE BANKRUPTCY COURT.

Because the order of the Family Court vesting all equitable interest in the Buick in the debtor's wife was not issued until after the Buick had become property of the estate, the order does not have the effect of transferring the title to this property of the estate since the federal courts have original jurisdiction, exclusive of state courts, of all matters in bankruptcy. 28 U.S.C. § 1334. Once the estate is created, the debtor has no conveyable interest in the property of

the estate. H.Rep. No. 95–595, 95th Cong. 1st Sess. 367–8 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 82–3 (1978); reprinted at U.S.Code Cong. & Admin.News 1978, p. 5787. Under § 363(b), only the trustee has the right to "use, sell, or lease" property of the estate in a Chapter 7 case.

Inasmuch as the Buick became property of the estate at the time the petition for relief was filed, the debtor's subsequent execution of the assignment of his rights in the car constituted an unauthorized post-petition transfer which the trustee may avoid under § 549(a). Consequently, the trustee is entitled to recover the Buick for the benefit of the estate under § 550(a).

■ Even if the Family Court's order were effective in transferring an equitable interest in the Buick to the debtor's wife before the debtor's transfer of title, the transfer of the equitable interest may be avoided by the trustee under § 544(a).

Section 544(a)(1) grants the trustee the status of a judicial lien creditor as of the commencement of the bankruptcy proceedings. As one court has stated, the trustee's status under § 544(a)(1) is that of "the ideal creditor, irreproachable and without notice, armed *cap-a-pie* with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings." *Lancaster v. Hurst (In re Hurst),* 27 B.R. 740, 742 (Bkrtcy.E.D.Tenn. 1983). In *Hurst,* the trustee recovered, under § 544, real property from the debtor's former wife who had failed to record the divorce decree granting her the right to occupy the premises.

Although the debtor had been ordered to transfer title in the 1980 Buick to Brenda L. McWhorter by the divorce decree dated September 23, 1981, he had not transferred the title as of May 6, 1982, when the petition for relief was filed under Chapter 7. As a result of contempt proceedings initiated on April 23, 1982, Brenda L. McWhorter was granted the equity interest in the car. At most, this equity interest constitutes an equitable lien, which is an unperfected security interest. H.Rep. No. 95–595, 95th

Cong. 1st Sess. 209 (1977), U.S.Code Cong. & Admin.News, p. 6170, states that, "Article 9 [of the U.C.C.] has turned the 'equitable liens' against which § 60a(6) was directed into 'unperfected security interests' which the trustee can in any case set aside." This statement of legislative intent was relied upon in *Busch v. Washington Communications Group, Inc., (In re Washington Communications Group, Inc.),* 10 B.R. 676, 6 C.B.C.2d 491 (Bkrtcy.D.C.1981).

Under S.C.Code § 56–19–620 (1976), a security interest in a motor vehicle is not valid against creditors of the owner or subsequent lienholders unless it is perfected under Article 5 of the Protection of Titles to and Interests in Motor Vehicles statutes, S.C.Code § 56–19–10, *et seq.* (1976). S.C. Code § 56–19–630 (1976) requires delivery of the certificate of title to the South Carolina Department of Highways and Public Transportation and the issuance of a new certificate showing the security interest for perfection thereof. That course of action has not been followed.

Accordingly, Brenda L. McWhorter's security interest (or "equitable lien") in the 1980 Buick was unperfected at the commencement of Debtor's case under Chapter 7. Under § 544(a)(1), the plaintiff, as trustee of the debtor's estate, acquired the rights and powers of a judicial lien creditor upon the filing of the debtor's petition for relief. As such, he takes priority over Brenda L. McWhorter's unperfected security interest in the automobile pursuant to S.C.Code § 36–9–301(1)(b) (1976) and may avoid the transfer. § 544(a)(1). *Dean Dempsey Corp. v. Hildreth (In re Hildreth),* Case No. 81–00764, Complaint No. 81–0503 (Bankr.D.S.C. January 6, 1982), *aff'd* C.A. No. 82–221–5 (D.S.C. May 21, 1982); *In re Hurst, supra.; Stonitsch v. Commerce Bank (In re AMCO Products, Inc.),* 17 B.R. 758 (Bkrtcy.W.D.Mo.1982).

## CONCLUSION

Upon the filing of the debtor's petition for relief under Chapter 7 at 8:30 A.M., May 6, 1982, the funds in the debtor's bank accounts and the 1980 Buick to which the debtor held title became property of the estate. The transfers of the funds and the Buick to the defendants have been without the approval of this court, and are without effect. For the reasons stated above, the funds and the Buick should be turned over to the plaintiff by the defendants; or the defendant SCN may deposit the funds into an interest-bearing account in the name of Robert F. Anderson, Trustee, for Jimmy L. McWhorter, and seek relief from the automatic stay.

AND IT IS SO ORDERED.