**In re Patrick J. GALVIN and Sandi K. Galvin, Debtors.**

**Phillip D. ARMSTRONG, Trustee of Estate of Patrick J. Galvin and Sandi K. Galvin, Plaintiff,**

**v.**

**UNITED STATES of America, acting Through FARMERS HOME ADMINISTRATION AND COMMODITY CREDIT CORPORATION, Defendant.**

Bankruptcy No. 82–05657.

Adv. No. 84–7041.

United States Bankruptcy Court, D. North Dakota.

Sept. 12, 1984.

Phillip Armstrong, Minot, N.D., for plaintiff.

Jerome Kettleson, Bismarck, N.D., for defendant.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the Court is a Motion for Summary Judgment brought by the Trustee on August 30, 1984. The Trustee on March 30, 1984, brought the instant Complaint against two agencies of the United States of America under the strong-arm provisions of section 544 of the Bankruptcy Code. By the instant Motion, the Trustee seeks summary judgment in his favor on his cause of action against the Farmers Home Administration and by the same Motion requests a dismissal of his cause of action against the Commodity Credit Corporation. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Rule 56(c) of the Federal Rules of Civil Procedure adopted by Rule 7056 of the Rules of Bankruptcy Procedure. *See also Jewson v. Mayo Clinic*, 691 F.2d 405 (8th Cir.1982).

At issue is whether the FHA properly perfected its security interest in the Debtors' farm equipment and cash proceeds from crops grown in Bottineau County, North Dakota, or whether the security interests are unperfected against the interest of the Trustee.

The United States has not responded to the instant Motion but in its Answer to the Trustee's Complaint admitted allegations which bear directly on the issue. From the admissions, it is undisputed that the Debtors at all times relevant resided in Minot, Ward County, North Dakota, and that while living in Minot, North Dakota, they extended to FHA a security interest in farm equipment and all crops growing or to be grown on land situated in Bottineau County, North Dakota. Further, it is undisputed that the financing statements pertaining to the equipment and crops depict the Debtors' address as being in Minot, North Dakota, but the financing statements themselves were filed only in the Office of the Register of Deeds for Bottineau County, North Dakota. The financing statements were not filed in Ward County, North Dakota, the place of the Debtors' residence.

In the Affidavit in support of the instant Motion, Patrick J. Galvin states that he has

been a resident of Ward County for many years and that neither he nor his family have resided in Bottineau County since 1952. From the admitted facts, the Court is satisfied that no genuine issue of material fact remains and the case may be resolved on the basis of the Plaintiff's Complaint, the Defendant's admissions, and the Affidavit of Patrick J. Galvin.

■ The issue is whether the FHA properly perfected its security interest in the farm equipment and crop proceeds consistent with applicable state law.

Relevant North Dakota Century Code provision is section 41–09–40(1) (U.C.C. § 9–401(1)) which provides as follows:

a) When the collateral is equipment used in farming operations, or farm products, ... then in the Office of the Register of Deeds in the county of the debtor's residence ... *and in addition* when the collateral is crops, as provided in subsection (b).

b) When the collateral is crops *growing or to be grown* ... in the office where a mortgage on the real estate concerned would be filed or recorded.

From the foregoing, it is clear that in the instance of farm equipment, the proper place of filing is the Office of the Register of Deeds in the debtor's resident county which in this case is Ward County, North Dakota. Because FHA did not file its financing statement in Ward County, its security interest in the farm equipment is unperfected.

The previously recited section of the North Dakota Century Code provides that in a case of farm products (defined in N.D. C.C. § 41–09–09(3) (U.C.C. § 9–101) as including crops) the proper place to file in order to perfect a security interest is in the Office of the Register of Deeds for the county of the debtor's residence *and in addition when the collateral is crops* also in the office where a mortgage on real estate would be filed or recorded. In instances where the farm product taken as collateral is a crop growing or to be grown the statute specifically requires double filing in both the debtor's county of residence

and the county where the crop is or was grown if these counties are not the same. While perhaps a trap for unaware creditors, there can be little mistake that duplicate filing is exactly the intent the North Dakota legislature wished where crops growing or to be grown constitute the collateral. Crops are included within the definition of farm products and yet the requirements of section 41–09–40 provide that even though filed as a farm product in the debtor's county of residence, a creditor must make a further filing in the county where the crops were grown. *See In re Ruf*, 32 B.R. 169, 36 U.C.C.Rep. 1409 (Bankr.W.D.Wis.1983). The failure to file in both of the required locations renders FHA's security interest in crops and crop proceeds unperfected.

■ FHA's security interest being unperfected, it is subject to the avoiding powers accorded a trustee by section 544 of the Code. Under section 544(a), a trustee at the time of the bankruptcy filing becomes vested with the status of a hypothetical lien creditor without knowledge, giving him rights paramount to the holder of an unperfected security interest. *See In re Satterwhite*, 28 B.R. 178 (Bankr.M.D.Ala.1983); *In re Yale Min. Corp.*, 39 B.R. 201 (Bankr. W.D.Va.1984). For the reasons above stated, the Plaintiff's Motion for Summary Judgment is granted and the lien of the Plaintiff/Trustee is superior to any interest of the Farmers Home Administration in the farm equipment and the proceeds resulting from the sale of crops grown in Bottineau County, North Dakota.

IT IS FURTHER ORDERED that the Plaintiff's claim against Commodity Credit Corporation is in all things dismissed.

JUDGMENT MAY BE ENTERED ACCORDINGLY.