**In re Ralph CRAIG, Individually and f/d/b/a Winyah Bay Aviation, Inc., f/d/b/a Flight Deck, and f/d/b/a Gidair, Debtor.**

**Jonathan AHLBUM, Plaintiff,**

**v.**

**Ralph CRAIG, Individually and f/d/b/a Winyah Bay Aviation, Inc., f/d/b/a Flight Deck, and f/d/b/a Gidair and W. Ryan Hovis, Trustee, Defendants.**

Bankruptcy No. 84–00448.
Complaint No. 84–0142.

United States Bankruptcy Court,
D. South Carolina.

Nov. 22, 1985.

Walter H. Smith, Bolt & Smith, Columbia, S.C., for plaintiff.

Reid B. Smith, Robinson, Smith & Mendoza, Columbia, S.C., for defendant/debtor.

W. Ryan Hovis, Hovis & Duncan, Rock Hill, S.C., for defendant/trustee.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiff seeks to recover radio and navigational equipment (the avionics system) from the debtor estate.

### FACTS

The plaintiff and the debtor entered into a contract of sale in which the debtor agreed (1) to buy from the plaintiff a Piper Cherokee 180 aircraft, to which the plaintiff held clear title, or (2) to find a buyer therefor. The contract calls for the sale of the aircraft for $18,500. to be paid "cash in full when sold or cash in full in ninety days, or adequate financing to be arranged."

The aircraft was properly registered in plaintiff's name with the FAA Aircraft Registry in Oklahoma City, Oklahoma, prior to the sale to the debtor.

The avionics system was on the aircraft when it was delivered to the debtor. South Shore Bank held a security interest in the avionics system. The security interest has been satisfied. The aircraft was sold to a third party, but, by agreement of the parties, the avionics system was not included in the sale.

The aircraft is now in the possession of the third party purchaser, and the avionics system is in the possession of the trustee.

## QUESTION

Is plaintiff entitled to recover the avionics system from the debtor estate? We think not.

## DISCUSSION

In order for the plaintiff to recover the avionics system from the estate, he must prove that the status of his claim is superior to that afforded the trustee by 11 U.S.C. § 544(a)[1].

The plaintiff contends that because the conveyance of the aircraft was not recorded, as required by the Federal Aviation Act (49 U.S.C. § 1401, *et seq.* ), the conveyance is invalid under 49 U.S.C. § 1403(c).

49 U.S.C. § 1403(a), which provides for the recordation of aircraft ownership, requires registration of: (1) any conveyance affecting title to a civil aircraft; (2) any lease, contract of conditional sale, or other instrument executed for security purposes which affects the title to any aircraft engine or engines of seven hundred and fifty

or more horsepower or any aircraft propeller capable of absorbing seven hundred and fifty horsepower or more; and (3) any lease, contract of sale, or other instrument executed for security purposes which affects title to aircraft engines, propellers, or appliances maintained by an air carrier.

■ While the avionics system may be "appliances", as defined in 49 U.S.C. § 1301(12)[2], the only reference in 49 U.S.C. § 1403(a) to "appliances" is in subsection (3) which, by definition, restricts the application of "appliances" to those "maintained by or on behalf of an air carrier". The avionics system in question is not "appliances", within the definition, because it was not maintained by or on behalf of an air carrier.[3]

Recordation of the sale of the the avionics equipment is not required by the Federal Aviation Act, *ergo*, state recording laws apply. *See*, S.C.Code § 36–9–104(a) (1976, as amended) and the Official Comment thereto.

In South Carolina, a claimed security interest must be perfected by the filing of a UCC financing statement (with certain exceptions which are inapplicable here) in order to put innocent third parties on notice of the claimed lien. S.C.Code § 36–9–302 (1976, as amended).

■ The plaintiff has failed to satisfy this court that he has a properly filed financing statement covering the avionics system. The trustee in bankruptcy, as a

**1.** 11 U.S.C. § 544(a) provides: The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property, of the debtor or any obligation incurred by the debtor that is voidable by—(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;....

**2.** 49 U.S.C. § 1301(12): "Appliances" means instruments, equipment, apparatus, parts, appurtenances, or accessories, of whatever description, which are used, or are capable of

being or intended to be used, in the navigation, operation or control of aircraft in flight (including parachutes and including communication equipment and any other mechanism or mechanism installed in or attached to aircraft during flight), and which are not a part or parts of aircraft, aircraft engines or propellers.

**3.** (1) 49 U.S.C. § 1301(3): "Air carrier" means any citizen of the United States who undertakes, whether directly or indirectly, or by a lease or any other arrangement to engage in air transportation.

(2) 49 U.S.C. § 1301(10): Air transportation means interstate, overseas, or foreign air transportation or the transportation of mail by aircraft.

lien creditor pursuant to § 544 and S.C. Code § 36–9–301 (1976, as amended) takes priority over an unperfected security interest. *See, Anderson v. South Carolina National Bank (In re McWhorter)*, 37 B.R. 742 (Bankr.D.S.C.1984); *accord, Shuster v. Doane (In re Shuster)*, 47 B.R. 920 (Bankr. D.Minn.1985); *Armstrong v. United States of America (In re Galvin)*, 46 B.R. 12 (Bankr.D.N.D.1984).

## ORDER

Inasmuch as the status of plaintiff's claim is inferior to that afforded the trustee by § 544 of the Bankruptcy Code and S.C.Code § 36–9–301 (1976, as amended), the relief sought by the plaintiff should be denied.

AND IT IS SO ORDERED.