In the Matter of **OMAHA MIDWEST WHOLESALE DISTRIBUTORS, INC., Debtor.**

**Merle NICOLA, Trustee, Plaintiff,**

v.

**SIGARMS, INC., Defendant.**

**Bankruptcy No. BK86–2775.**

**No. A88–5.**

United States Bankruptcy Court, D. Nebraska.

Dec. 19, 1988.

---

**3.** The Court notes that no party objected to the assignment of the same bankruptcy case number or to the order for relief, although neither the action by the Court nor the inaction of the parties is controlling or dispositive.

**4.** The proper procedure for conversion by a debtor from an involuntary case to a voluntary case, before an order for relief is entered, is specified in Bank.R. 1017(d).

of the trustee seeking to avoid a transfer of certain firearms and related equipment from debtor to defendant. Christopher Connolly of Thompson, Crounse, Pieper & Brumbaugh, Omaha, Nebraska, appeared for the trustee; Timothy J. Pugh of McGrath, North, Mullin & Kratz, Omaha, Nebraska, appeared for Sigarms, Inc. This memorandum constitutes the Court's findings of fact and conclusions of law pursuant to Bankr.R. 7052.

### Statement of Facts

On September 25, 1986, several creditors filed an involuntary Chapter 7 petition against debtor. On November 25, 1986, at 4:20 p.m., debtor filed a voluntary petition under Chapter 11. The Court granted an order for relief under Chapter 11 on consideration of the petition filed on September 25, 1986.

In addition, on November 25, 1986, a transfer of firearms and related equipment was made from debtor to defendant for credit. There was testimony that the goods were picked up from debtor before the voluntary petition was filed and the order for relief was granted.

Defendant shipped $80,234.14 worth of firearms and related equipment to debtor after September 25, 1986. Debtor paid for this merchandise by transferring to defendant $60,163.99 worth of firearms on November 25, 1986.

### Discussion

Plaintiff argues that the voluntary Chapter 11 case is a separate case from the involuntary Chapter 7 since no order for relief had been entered and no conversion had been effected. Plaintiff contends that the November 25, 1986, transfer can be avoided by the trustee either under 11 U.S.C. § 547 as a preference, or under 11 U.S.C. § 549 as an unauthorized transfer occurring after the commencement of the case, depending on when the transfer took place vis á vis the Chapter 11 petition filing.

Christopher Connolly, Thompson, Crounse, Pieper & Brumbaugh, Omaha, Neb., for Merle Nicola, Trustee.

Timothy J. Pugh, McGrath, North, Mullin & Kratz, Omaha, Neb., for Sigrams, Inc.

### MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

An evidentiary hearing was held on November 3, 1988, on the amended complaint

Defendant argues that the filing of the voluntary Chapter 11 petition was a conversion of the involuntary Chapter 7 case under 11 U.S.C. § 706. Therefore, says defendant, under 11 U.S.C. § 348 the commencement date of the voluntary Chapter 11 would relate back to September 25, 1986, the date of the involuntary Chapter 7 petition, so the transfer was not a preference. In addition, defendant contends that the transfer was made before the voluntary petition was filed and the order for relief was granted, so the transfer is protected under 11 U.S.C. § 549(b).

At least one commentator has discussed the issue of debtor's right to convert in a pending involuntary case under a different chapter.

> Under section 706(a), a debtor has one absolute right of conversion to Chapter 11, 12 or 13 in both voluntary and involuntary Chapter 7 liquidations.[1] ... In situations where a debtor has had an involuntary liquidation case commenced against him, section 706 gives him the opportunity of converting that case to a case under Chapter 11, 12, or 13 and thus affords him the chance to effect a plan for the repayment of his debts.... [S]ection 706(a) provides that the debtor may convert the Chapter 7 case "at any time." This means that he may make the conversion either before or after an order for relief has been entered in the liquidation proceeding.

2 Collier on Bankruptcy ¶ 706.01, at 706-2 (15th ed.1987).

However, "a voluntary petition for an order for relief under Chapter 11 is not a conversion of an involuntary Chapter 7 case." *Id.* at n. 2a. Bankruptcy R. 1017(d) provides that conversion pursuant to Section 706(a) shall be accomplished by motion

and service as required by Bankr.R. 9013. Bankruptcy R. 9013 requires a written motion but does not require notice for any such motion which may be considered ex parte. In addition, Bankr.R. 1017(d) provides that a proceeding to convert a case to another chapter, pursuant to Section 706(a) (among others) is not governed by Bankr.R. 9014 and thus a hearing is not required for conversion pursuant to Section 706(a).[2]

■ On November 25, 1986, debtor filed a voluntary petition under Chapter 11 with an involuntary Chapter 7 case pending, which generally as stated above, does not effect a conversion. A Notice of Chapter 11 Filing dated November 25, 1986, read:

NOTICE OF CHAPTER 11 FILING

TO: CREDITORS AND OTHER PARTIES IN INTEREST:

Please take notice that Omaha Midwest Wholesale Distributors, Inc., this day filed its voluntary petition under Chapter 11, Title 11, United States Code *as contemplated at 11 U.S.C. § 706.*

DATED this 25th day of November, 1986.

(emphasis added).

The Notice also was served upon counsel of record. From the Notice it is clear that the debtor intended to convert the case to a voluntary case under Chapter 11. The Bankruptcy Court assigned the number originally given to the involuntary Chapter 7 case, (BK86–1775), to the voluntary Chapter 11 case.[3] This Court entered an order for relief under Chapter 11, dated November 25, 1986, "on consideration of the petition filed on 9–25–86." It appears to the Court that the petition and the Notice were effectively the same as a motion to convert,

---

1. Conversion to another chapter is allowed only if the debtor may be a debtor under such chapter. 11 U.S.C. § 706(d). Debtor in this case, a corporation, is eligible to be a debtor under Chapter 11. *Cf. Wamsganz v. Boatmen's Bank,* 804 F.2d 503 (8th Cir.1986) (individuals must be engaged in business to seek relief under Chapter 11).

2. The Committee Note (as quoted in Collier on Bankruptcy) on Bankr.R. 1017(d) states: "No

hearing is required on these motions unless the court directs." 8 Collier on Bankruptcy ¶ 1017.07 (15th ed. 1988). Also, notice must be given if the court so directs. *Id.*

3. The Court notes that no party objected to the assignment of the same bankruptcy case number or to the order for relief, although neither the action by the Court nor the inaction of the parties is controlling or dispositive.

that the requirements, both by statute and by rule, for converting, have been met. The Court finds that debtor did effect a conversion of the involuntary Chapter 7 case to a voluntary Chapter 7 case under Chapter 11.[4]

Conversion of a case from one chapter to another "constitutes an order for relief under the chapter to which the case is converted," but the date of the filing of the petition, the commencement of the case, and the order for relief are generally unaffected by conversion. 11 U.S.C. § 348(a). "Conversion of a pending liquidation does not create any breach in the case, on the contrary, continuity is preserved, so that the date of the original Chapter 7 petition is the date of cleavage for the determination of such questions as the avoidance of preferences ..., etc. 4 Collier on Bankruptcy ¶ 706.01 at 706–3 (15th ed. 1987)." "The reorganization or repayment plan case is deemed to have been originally commenced as of the date of the filing of the first petition initiating a case under the Code." (footnotes omitted). *Id.* Since this Court has determined that debtor effected a conversion of its pending liquidation, the date of the original Chapter 7 petition is the date the Chapter 11 case is deemed to have been commenced.

The November 25, 1986, transfer, then, is a post-petition transfer. Thus it is not a preference and may not be avoided under 11 U.S.C. § 547. There was credible evidence submitted that the goods were shipped from debtor's possession before the voluntary petition was filed. No contrary evidence was presented. The Court finds as a fact that the goods were shipped from debtor's possession before the order for relief was granted. Because the transfer was made after the commencement of the case, but before the order for relief, for a debt that arose after the commencement of the case, it is protected under 11 U.S.C. § 549(b).

Plaintiff finally argues that the transfer was not completed until sometime after November 25, 1986, because debtor did not relinquish title to the goods until they were received by defendant. As discussed in both the House and Senate Reports on the Reform Act of 1978, under the definition of "transfer" in 11 U.S.C. § 101 (a transfer is a disposition of an interest in property), any transfer of an interest in property is a transfer, including a transfer of possession, custody, or control even if there is no transfer of title, because possession, custody, and control are interests in property. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 314, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6271; S.Rep. No. 989, 95th Cong., 2d Sess. 27, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5813. Plaintiff's final argument, then, must fail.

It is this Court's ruling that:

1. On November 25, 1986, debtor converted the pending involuntary Chapter 7 case to a voluntary Chapter 11 case. Therefore, the bankruptcy case is deemed to have commenced on September 25, 1986, the date of the involuntary petition.

2. The November 25, 1986, transfer from debtor to defendant was not a preference but rather a post-petition transfer protected under 11 U.S.C. § 549(b) and may not be avoided by plaintiff/trustee.

IT IS ORDERED that judgment is entered in favor of defendant.

Separate journal entry to be entered this date.

---

**4.** The proper procedure for conversion, by debtor, from an involuntary case to a voluntary case, before an order for relief is entered, is specified in Bankr.R. 1017(d).