**In re JJ'S HOME STYLE LAUNDRY, INC. and Gillom Smith Jr., Debtors.**

**VIKING CREDIT CORPORATION, Plaintiff,**

v.

**JJ'S HOME STYLE LAUNDRY, INC., et al., Defendants.**

**Bankruptcy Nos. 90–10327–AT, 90–10326–AT.**

**Contested Matter No. 90–504–AT.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Nov. 20, 1990.

Richard J. Stahl, Fairfax, Va., for debtor/defendant.

William F. Renahan, Lanham, Md., for plaintiff.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

JJ's Home Style Laundry, Inc., and Gillom Smith, Jr., are debtors in possession in chapter 11 cases consolidated by order entered on April 2, 1990. In this contested matter, Viking Credit Corporation (Viking) filed a motion for relief from the automatic stay. Final hearing on the motion was held on October 22, 1990, and the court took the matter under advisement.

After considering the argument of counsel both in the memoranda filed with the court and at the hearing, this court denies Viking's motion for relief from the automatic stay.

### Facts

The debtors operate a self-service coin operated laundromat. The equipment used to operate their business was purchased from Automated Laundry Systems, Inc., in July 1986 at a price of $104,655.00. At the time of purchase, the debtors made a down payment of $24,099.00 and financed the remaining $80,566.00 of the purchase price with Automated Laundry Systems, Inc. This equipment is the subject of this relief stay motion.

The terms of the equipment purchase agreement included a security interest in the equipment taken back by Automated Laundry Systems, Inc. The seller's rights under the purchase and security agreement were assigned to Viking on July 2, 1986. Financing statements were filed at the office of the Virginia State Corporation Commission and in the City of Alexandria, Virginia, Circuit Court Clerk's office. The debtors' laundry business, however, was located not in Alexandria City but in neighboring Fairfax County, Virginia.

### Discussion

██ Viking seeks relief from the stay based on lack of adequate protection of its interest in the laundry equipment. It is essential to Viking's position, however, that the security interest be properly perfected. The debtors raise the defense that the security interest is not perfected.

For perfection of a security interest, Article 9 of the Uniform Commercial Code as adopted in Virginia requires that a financing statement be filed with the State Corporation Commission and also, where the debtor has a place of business in only one county or city, in the circuit court clerk's office of that county or city. Va.Code § 8.9-401(c). The financing statement in this case was filed in Alexandria City, but

24

the debtors' business was geographically located in Fairfax County. Therefore, Viking's security interest was not perfected under Virginia's law.

Viking argues that the debtors misled it by maintaining in their various paperwork that their mailing address was in Alexandria and by failing to indicate the business was located in Fairfax County. Viking seeks to establish that it was the debtors' intentional conduct that caused the statement to be improperly filed and that because of this intentional conduct the debtors should not be permitted to treat Viking's claim as unsecured.

 Unfortunately for Viking, however, whether or not the debtors intentionally misled Viking is irrelevant to the outcome of the issue. The requirements of § 8.9–401(1)(c) are strictly applied as to third parties without notice. *See Dominion Bank of Cumberlands, NA v. Nuckolls (In re Nuckolls)*, 780 F.2d 408, 411 (4th Cir.1985); *In re Mauck*, 378 F.Supp. 904, 906 (W.D.Va.1974). A trustee in bankruptcy is such a third party and enjoys priority over unperfected security interests. 11 U.S.C. § 544(a). *See Armstrong v. United States (In re Galvin)*, 46 B.R. 12, 14 (Bkrtcy.D.N.D.1984). As debtors in possession, the debtors stand in the shoes of the trustee, enjoying the same rights and duties. 11 U.S.C. § 1107(a). Thus, the debtors act in a fiduciary capacity for the benefit of creditors, and to allow Viking's claim to be treated as secured would work to the detriment of the debtors' other creditors.

As a result, this court finds that Viking's claim is not a secured claim, and therefore, it is ordered that Viking's motion for relief from the automatic stay must be denied.

A separate order will be entered.