**In re Robert R. KNOTH, Debtor.**

**John F. CURRY, Trustee for the Chapter 11 Bankruptcy Estate of Robert R. Knoth, Plaintiff,**

**v.**

**John WOJCIK, Wojo Enterprises, Inc., Truck Trailer and Equipment Sales, and Jack Dorman, Defendants.**

**Bankruptcy No. 93–75478–B.**
**Adversary No. 96–8283.**

United States Bankruptcy Court,
D. South Carolina.

Oct. 14, 1997.

Rose Duggan Manos, Nexsen Pruet Jacobs & Pollard, L.L.P., Columbia, SC, for Plaintiff.

W. Alex Dallis, Jr., Charleston, SC, for Defendant.

WM. THURMOND BISHOP, Bankruptcy Judge.

THIS MATTER came before me for trial on August 27, 1997, in Charleston, South Carolina. This action was begun by the filing of a Complaint by John F. Curry (the "Trustee"), Trustee for the Chapter 11 Bankruptcy Estate of Robert R. Knoth, on October 30, 1996, against John Wojcik ("Mr. Wojcik") and the subsequent filing of an Amended Complaint by the Trustee against Mr. Wojcik, Wojo Enterprises, Inc. ("Wojo"), Truck Trailer and Equipment Sales ("TTES") and Jack Dorman ("Mr. Dorman"). Present at the trial were the Trustee, represented by Rose Duggan Manos, Esquire, Mr. Wojcik, represented by W. Alex Dallis, Jr., Esquire, who was also represented Wojo, Mr. Dorman, represented by Thomas R. Goldstein, Esquire, and Harold Dukes ("Mr. Dukes"), an officer of TTES, who was not represented by an attorney. Testimony was presented by the Trustee, Mr. Dorman, Mr. Wojcik and Mr. Dukes. Additionally numerous exhibits were placed into evidence. The gravamen of the complaint is the demand by the Trustee for return to the Bankruptcy Estate of one (1) 1984 Mercedes 500 SEC automobile having vehicle identification number WDB1070461A000384 (the "Vehicle").

It appears to the satisfaction of this Court, through the testimony and exhibits presented at trial, that certain facts have been established and this Court makes certain findings of fact as a result. Such findings are as follows:

1) The Vehicle was titled in the name of and possessed by Robert R. Knoth, the bankrupt (the "Bankrupt"), prior to September, 1995.

2) Sometime prior to September 1, 1995, the Bankrupt transferred possession of the Vehicle to Mr. Dorman for purposes of repairing the Vehicle.

3) Without approval from this Court, the Bankrupt transferred possession of the Vehicle and attempted to transfer title as well to TTES by a bill of sale dated September 1, 1995.

4) TTES then transferred possession of the Vehicle and attempted to transfer title as well to Wojo by a bill of sale dated September 14, 1995.

5) Wojo paid $10,000.00 for the Vehicle at the time it received the Vehicle.

6) Neither Mr. Wojcik nor Wojo knew of the bankruptcy of Robert R. Knoth in September, 1995.

7) The transfer of the Vehicle from TTES to Wojo was an arm's length transaction.

8) There was no collusion between Wojo or Mr. Wojcik and any other party to defraud the Bankruptcy Estate.

9) Wojo took possession of the Vehicle in good faith.

10) Possession of the Vehicle has been retained by Wojo since September, 1995.

11) Mr. Wojcik has never been in possession of the Vehicle, except as a licensee, agent or employee of Wojo.

12) The Vehicle was used by Mr. Wojcik's wife as an officer of Wojo and was being held for resale.

13) The Trustee registered title to the Vehicle with the South Carolina Department of Public Safety (the "Department") in July, 1996, and the Department issued a certificate of title to the Trustee on July 19, 1996.

14) Wojo registered title to the Vehicle with the Department in September, 1996, and the Department issued a certificate of title to Wojo on September 24, 1996.

15) At the time Wojo registered title to the Vehicle with the Department and the Department issued a certificate of title to Wojo, Wojo knew of the bankruptcy.

■ The Trustee seeks to avoid the transfer of the Vehicle pursuant to 11 U.S.C. Section 549(c). As noted in the findings of fact set forth above, there is no question that the transfer was without court approval and under such section the transfer may be avoided. The problem the Trustee faces is that liability for recovery of the Vehicle or its value is limited under 11 U.S.C. Section 550. Under Paragraph (b) of such section the trustee may not recover either the Vehicle or its value from any transferee from the initial transferee who "takes for value ... in good faith, and without knowledge of the voidability of the transfer avoided." The question presented in this action is whether Wojo falls within the class of transferee's protected by such section.

The Trustee argues that for purposes of this section of the Bankruptcy Code a transfer did not occur until title was registered by Wojo and, at such time, Wojo knew of the bankruptcy. Wojo, however, argues that a transfer occurred at the time possession was changed from the bankrupt to TTES and again at the time possession was changed to Wojo. There is no question that, if transfers for purposes of Section 550 occurred as argued by Wojo, Wojo is a subsequent transferee, who took for value in good faith without knowledge of the voidability of the transfer. Similarly, however, if the only

transfer for purposes of Section 550 were the transfer of title by Wojo, then Wojo may not be protected by this section, since Wojo knew at such later date of the bankruptcy.

The general provisions of the Bankruptcy Code include definitions of various terms and one such defined term is "transfer." Under 11 U.S.C. Section 101(50) transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property." On numerous occasions courts have had an opportunity to review this section of the code and have determined that transfers of possession fall within its meaning. A case on point is *Nicola v. Sigarms, Inc. (In re Omaha Midwest Wholesale Distributors, Inc.)*, 94 B.R. 160 (Bankr. D.Neb.1988). In that case possession of certain goods were transferred from the bankrupt to a third party after the filing of the petition, but before the order for relief was issued. The goods were not received by the third party until some time after they were shipped by the bankrupt. In interpreting 11 U.S.C. Section 549, the section relied upon by the Trustee in this action, the court held that a transfer occurred within the meaning of such section when the goods were shipped by the bankrupt, even though title might not have been relinquished until later. "As discussed in both the House and Senate Reports on the reform Act of 1978, under the definition of 'transfer' in 11 U.S.C. [Section] 101 (a transfer is a disposition of an interest in property), any transfer of an interest in property is a transfer, **including a transfer of possession, custody or control even if there is no transfer of title, because possession, custody and control are interests in property.**" (*Id.* at 163, emphasis added). There is no provision in either 11 U.S.C. Section 549 or 11 U.S.C. Section 550 which limits the term "transfer" to some other meaning than that provided in 11 U.S.C. Section 101(50). A transfer of possession is a transfer within the meaning of 11 U.S.C. Section 550. A similar conclusion was reached by the Court in *Goldstein v. Beeler, (In re Rose)*, 25 B.R. 744 (Bankr.E.D.Mo. 1982), wherein the court stated, "[t]he word 'transfer' has been construed broadly under

the Act and has been defined to include every method of disposing of or parting with property **or its possession.**" (*Id.* at 746).

█ The Trustee argues that under South Carolina law title was not transferred until application for a certificate of title was made by Wojo in September, 1996. The Trustee cites the case of *Anderson v. South Carolina National Bank (In re McWhorter)*, 37 B.R. 742 (Bankr.D.S.C.1984) as confirming that transfer of title is not effective until South Carolina Code sections dealing with title registration are in compliance. S.C.Code Ann. Section 56–19–360 (1976) provides that except as between the parties, a transfer of title by an owner is "not effective" until the registration provisions of such statute are in compliance, unless the vehicle is held by a dealer for resale pursuant to S.C.Code Ann. Section 56–19–370 (Supp.1996). The Trustee argues that the Vehicle was driven by Mr. Wojcik's wife and thus the Trustee deems that the provisions of S.C.Code Ann. Section 56–19–370 (Supp.1996) were not in compliance. Mr. Wojcik, testified at trial, however, that his wife was an officer of Wojo and the Vehicle was indeed held for resale. No contradictory testimony or evidence was presented. Thus it appears that the provisions of the South Carolina Code were indeed in compliance and title in fact did transfer upon execution of the bills of sale. It is not necessary, however, to reach such a conclusion, since the issue facing this Court is not whether or not title was transferred, but simply whether or not any "transfer" as defined in the Bankruptcy Code has occurred. In *Anderson, supra* the court did indeed find that an application made to transfer registration pursuant to S.C.Code Ann. Section 56–19–360 (1976) was a transfer within the meaning of the Bankruptcy Code, but such ruling does not in any way limit the possibility of other factual events as meeting the broad definition of "transfer" provided in 11 U.S.C. Section 101(50). Both *Nicola, supra,* and *Goldstein, supra,* clearly show that transfers of mere possession are sufficient to constitute transfers within the meaning of 11 U.S.C. Section 550. Since the Bankruptcy Code clearly includes transfers of mere possession within the definition and since there is no question that possession was transferred once to TTES and later to Wojo, any argument regarding title is simply not relevant.

This Court determines as a matter of law that transfers of possession only are considered transfers within the meaning of 11 U.S.C. Section 550. Thus this Court reaches the following conclusions of law:

1) TTES was either the initial transferee from the Bankrupt or the immediate transferee from such initial transferee.

2) Wojo was an immediate or mediate transferee of the initial transferee in good faith for value without knowledge of the bankruptcy.

3) Neither Mr. Dorman nor Mr. Wojcik was a transferee of the Vehicle.

4) Under 11 U.S.C. Section 550(b)(1) the Trustee may not recover either the Vehicle or its value from Mr. Dorman, Wojo or Mr. Wojcik.

The Trustee has brought a claim against TTES and it does appear from the testimony presented at trial that TTES was the initial transferee from the Bankrupt. Section 550 provides no protection to TTES as it does to Wojo, but at trial it appeared that service upon TTES was defective. Thus should the Trustee determine to pursue TTES, it will be necessary for service to be completed before this Court can take up such matter.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the demand for return of the Vehicle or its value made by the Trustee against Wojo and Mr. Wojcik is denied and as to such defendants this action is dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion of Mr. Dorman for dismissal of the action against him or in the alternative for directed verdict is granted and as to Mr. Dorman this action is dismissed with prejudice.

AND IT IS SO ORDERED.