**In the Matter of Eva E. TRESSLER, Debtor.**

**Eugene TRESSLER, Plaintiff,**

v.

**Eva E. TRESSLER, Defendant.**

**Bankruptcy No. 82–369.
Adv. No. 82–120.**

United States Bankruptcy Court,
D. Delaware.

Aug. 21, 1984.

John C. Phillips, Jr., Wilmington, Del., for plaintiff.

Paul H. Spiller, Wilmington, Del., for debtor/defendant.

## MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

Eva E. Tressler is a Chapter 7 debtor. Eugene Tressler, her former husband, is seeking a determination that her debt due him arising out of a Family Court judgment is excepted from discharge. Eva Tressler has counterclaimed to recover $200 from Eugene Tressler which he received under a wage attachment within 90 days preceding the filing of her bankruptcy petition. The parties' request that the matter be considered on stipulated facts and briefing was granted.

In July of 1979 Eugene and Eva Tressler entered into a joint and severable loan obligation in the amount of $3,500 with Associated Finance to finance the purchase of an automobile and household furnishings. The parties were divorced in 1980. They entered into a stipulated consent order on June 24, 1980 settling all ancillary matters. The order provided for Eugene to pay Eva $100 a week for one year, $1,000 arrearages under a previous support order at the rate of $100 a month, her attorney's fees of $500 and a number of marital debts. Eva assumed responsibility for the payment of the debt due Associated Finance.

Eugene completed performance of all his obligations in June 1981. Eva made payments to Associated Finance through July 1981. Thereafter, Associated Finance sued Eugene and obtained a judgment of $1,500 plus interest and costs in February 1982. That same month Eugene began paying Associated Finance $128 a month.

In July 1982, a Family Court judge found Eva in contempt of the 1980 order and issued a wage attachment in favor of Eugene at the rate of $100 a month beginning August 1. The attachment was to continue until he was reimbursed the full amount of the judgment, interest and costs, as well as his attorney's fees of $317.90. Eugene received $200 from Eva's employer before she filed a Chapter 7 petition on October 8, 1982 listing a debt due Eugene of $1,500 and attorney's fees to John Phillips of $317.90.

Eugene asks that the $1,500 debt be excepted from discharge because of Eva's defalcation while acting in a fiduciary capacity. 11 U.S.C. § 523(a)(4). His argument for finding a fiduciary relationship is grounded upon (1) Delaware case law where constructive trusts have been imposed because of the defendant's fraud, unfair or unconscionable conduct causing him to be unjustly enriched at the expense of the moving party to whom he owed some duty. *Adams v. Jankouskas*, 452 A.2d 148, 152 (Del.Supr.1982); *Greenly v. Greenly*, 29 Del.Ch. 297, 49 A.2d 126 (1946); and (2) the satisfaction of all his duties under the consent order to pay her a certain amount of money and all marital debts except the one to Associated Finance. He contends a defalcation occurred when Eva failed to pay that one marital debt she assumed from the funds he paid her under the order.

While it is true that the effect of debtor's conduct is to allow Associated Finance to collect its debt from Eugene, the pleadings and stipulation of facts do not show by clear and convincing evidence that her conduct was such that any court would have imposed a constructive trust thereby creating a fiduciary relationship.

The consent order does not expressly state, limit or condition the use of the funds Eva was to receive from Eugene. The inference to be drawn is that the $100 a week for one year was alimony (See 13 *Del. C.* § 1512) and those funds together with the $1,000 arrearages Eugene owed on a previous support order were to be used for living expenses and payments on the Associated Finance debt.

At the time of the Family Court hearing in the summer of 1982, Eva's income exceeded her liabilities by a very small margin. She had made payments to Associated Finance through July 1981 and one or two payments thereafter. The amount she paid is not of record but the amount of principal debt had been reduced by $2,000 between the debt's inception and February 1982. Eva contended she could not afford to continue making payments to Associated Fi-

nance after the alimony stopped. The Court's comments before finding her in contempt and issuing a wage attachment suggest that Eva used poor judgment in incurring additional financial responsibilities knowing of the long-standing obligation to Associated Finance and her duty to pay it. There is no suggestion that her conduct was fraudulent or unconscionable.

Moreover, even if Eugene could argue that a constructive trust existed, he would fail on a legal issue. The term "fiduciary capacity" has appeared in all bankruptcy statutes since 1841. It has been held that it is limited in its application to what may be described as technical or express trusts and not to trusts *ex maleficio* that may be imposed by an act of wrongdoing out of which the contested debt arose. There is nothing in the Code which suggests that the meaning was to be enlarged.

■ Attorney's fees are excepted from discharge under 11 U.S.C. § 523(a)(5) only if the award is in the nature of alimony or support. An award of fees to the other party following a finding of contempt is punitive in nature and is not an award in the nature of alimony or support. Further, Eva never had an obligation to pay Eugene support or alimony. Thus, the award of attorney's fees cannot be excepted from discharge.

■ Eva contends that she is entitled to the $200 deducted from her wages and paid to Eugene on account of his debt. A trustee under § 547(b) of title 11 may avoid as a preference certain transfers of a debtor's property made within 90 days of the bankruptcy filing if the debtor is insolvent during that period. A preference is a transfer of a debtor's property to or for the benefit of a creditor for or on account of an antecedent debt owing by the debtor before the transfer was made. Further, as a result of the transfer the creditor must have received more than he would receive by sharing in the proceeds from a liquidation of the estate's assets.

Eva's petition was filed October 8. The wage attachment, issued July 23, 1982, and the deduction of the $200 from Eva's August and September wages were all within the 90-day period preceding her bankruptcy filing. There is nothing in the record to rebut the presumption of insolvency during the entire 90-day period. 11 U.S.C. § 547(f). The wages when earned became Eva's property that was transferred to Eugene on an antecedent debt. Since Eva could have exempted the $200 (and so indicated her intent on the exempt property schedule of the petition) if the trustee had avoided the transfer, she acquired the trustee's power when he chose not to exercise it. 11 U.S.C. § 522(h). Eugene is a general unsecured creditor in an estate without any assets for distribution. Consequently, the $200 is more than he would have received in a liquidation of non-exempt assets.

All elements necessary for Eva's avoidance of the transfer being present, Eugene must return to Eva the $200. *In re Brengle*, 10 B.R. 360 (Bankr.D.De.1981).