**In the Matter of Eleanor HAINING, Debtor.**

**Hildegard KRENOWSKY, Plaintiff,**

v.

**Eleanor HAINING, Defendant.**

**Bankruptcy No. 84–42.
Adv. No. 86–7.**

United States Bankruptcy Court,
D. Delaware.

Sept. 26, 1990.

Neal J. Levitsky, Wilmington, Del., for plaintiff.

Eleanor M. Haining, Newark, Del., pro se.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Hildegard Krenowsky has moved for summary judgment on her complaint asking that a debt due her by the Debtor, Eleanor Haining, be held nondischargeable in Haining's Chapter 7 bankruptcy case. The complaint alleges:

(1) that Haining fraudulently obtained monies from Krenowsky,

(2) that Haining attempted to defraud Krenowsky by failing to list her on the original schedules, and

(3) that Haining breached a fiduciary relationship with Krenowsky.

11 U.S.C. §§ 523(a)(2)(A), (a)(3), (a)(4). This is a core proceeding under 11 U.S.C. § 157(b)(2)(I).

## PROCEDURAL BACKGROUND

Haining originally filed a Chapter 7 bankruptcy petition on February 7, 1984, and received a discharge on May 29, 1984; however, since she failed to list Krenowsky and others as creditors (thereby not discharging those debts), Haining moved to reopen the bankruptcy case. That motion was opposed by Krenowsky who, having no notice of Haining's bankruptcy, had filed suit in state court against Haining and another defendant based on pre-petition loans to Haining.

By order entered November 20, 1985, following hearing and argument, the case was reopened so that Haining could file amended schedules listing those creditors omitted in the original filing. The same order granted Krenowsky relief from stay to proceed with prosecuting her civil action in the Delaware Court of Chancery. The issue of dischargeability was stayed pending resolution of the state court action. Following trial in the Delaware Court of Chancery on August 24 and 25, 1987, Vice Chancellor Jack Jacobs issued a memorandum opinion on August 30, 1988. *Krenowsky v. Haining and Hull*, C.A. No. 7940, slip op., 1988 WL 90825 (Del.Ch. Aug. 30, 1988), *aff'd mem.*, *Hull v. Krenowsky*, 567 A.2d 421 (Del.1989). That Opinion was attached to Krenowsky's motion for summary judgment in the dischargeability action. The trial transcript became a part of this court's record during briefing. Haining, citing Bankr.R. 7012(b), moved to strike the Opinion and transcript and requested oral argument. Oral argument would be of no help to the court in deciding either the motion to strike or the motion for summary judgment.

## MOTION TO STRIKE

■ Fed.R.Civ.P. 12(f), which is incorporated into Bankr.R. 7012 under subsection (b), provides for striking of certain matters from pleadings rather than motions or evidence in support thereof. Still, the issue raised by the motion must be considered before addressing Krenowsky's motion.

Haining contends that the state court record is unrelated to this proceeding; therefore, use of such evidence would be prejudicial. The state court proceeding involves the same parties, concerns the same transactions and occurrences, and relates to the same allegations and defenses as the present matter. The testimonial and documentary evidence coincides with the same basic facts Krenowsky is required to prove on her nondischargeability claims under § 523 of the Code.

From an evidentiary perspective, the state court record is relevant and its probative value outweighs any danger of unfair prejudice to the defendant. *See* Fed.R. Evid. 401, 403. As a result, it is clear that the Chancery Court decision and record are admissible into evidence. Haining's motion to strike this evidence must be denied.

## SUMMARY JUDGMENT MOTION

Summary judgment is appropriate when there is no genuine issue of material fact. Bankr.R. 7056(c); Fed.R.Civ.P. 56(c). Having denied Haining's motion to strike, the factual background revealed in the state court record is relevant.

## BACKGROUND

The state court found that Krenowsky, an elderly woman who emigrated from the Netherlands in 1980 to live near her daughter, had befriended Haining and had subsequently lent her money on four occasions totalling $88,000. All these loans were unsecured and evidenced by notarized promissory notes. Haining placed the proceeds of three of the loans, $40,000, into her solely-held corporation. The remaining loan of $48,000 was for Haining to purchase a parcel of real property in July of 1981. Unbeknownst to Krenowsky, Haining took title in the name of herself and Richard Hull, her paramour. Later, beginning in October 1981 and for a year thereafter, Haining began to systematically transfer all her assets to Hull, including her one-half interest in the real property.

The Chancery Court concluded that Haining's transfers of all her property to Hull were fraudulent conveyances in that they were not for a fair consideration and ren-

dered her insolvent, 6 *Del.C.* § 1304, and that Haining and Hull had joined in a civil conspiracy with actual intent to defraud Krenowsky, 6 *Del.C.* § 1307, in violation of Haining's fiduciary duty to Krenowsky.

It is Krenowsky's contention that the state court's findings control this court's decision as to whether the debt due Krenowsky should be declared nondischargeable under § 523(a)(2), (3) and (4). Haining counters that different issues and disparate burdens of proof prevent Krenowsky from prevailing based on the state court's finding.

SECTION 523(a)(3)

█ Krenowsky cannot prevail under § 523(a)(3) which excepts from discharge those debts which were not listed nor scheduled in a debtor's bankruptcy in time to permit such creditor to share in a distribution, if any, or seek a determination of dischargeability. That contention is mooted by the reopening of the bankruptcy case, permitting amendment of the schedules and Krenowsky being given relief from stay to litigate the state court action and the opportunity to seek in this court a determination as to whether the judgment obtained in that court is dischargeable.

SECTION 523(a)(4)

█ This subsection of § 523(a) excepts from discharge any debt for fraud while acting in a fiduciary capacity. The state court found that Haining occupied a fiduciary relationship with respect to Krenowsky based on the circumstances surrounding the loan and applicable Delaware law. *Krenowsky v. Haining and Hull, supra,* slip op. at 23 (citing *Lank v. Steiner,* 42 Del.Ch. 456, 213 A.2d 848, 852 (1965); *Milford Packing Co. v. Isaacs,* 90 A.2d 796, 800 (Del.Super.1952)). Nevertheless, the meaning of fiduciary is much broader under Delaware law than it is in the nondischargeability context under the Code. The term "fiduciary capacity" has been traditionally limited in its application to technical or express trusts rather than trusts *ex maleficio* which are imposed by wrongdoing out of which the contested debt arose.

*In re Tressler,* 41 B.R. 779, 781 (Bankr.D. Del.1984).

Despite a minority trend that is gradually expanding § 523(a)(4)'s definition of a fiduciary, *see, e.g., In re Kudla,* 105 B.R. 985 (Bankr.D.Colo.1989) (creditor relying on debtor's status as an attorney and escrow agent in wiring monies created fiduciary relationship), Krenowsky cannot prevail under § 523(a)(4) to have the debt due her declared nondischargeable.

SECTION 523(a)(2)(A)

█ A debt incurred by obtaining money under false pretenses, a false representation or actual fraud is nondischargeable under § 523(a)(2)(A). In construing this section, the court must apply federal law. *In re Braen,* 900 F.2d 621, 626 n. 3 (3d Cir.1990) ("The exceptions to the general rule of dischargeability are federal substantive law...."); *In re Liberati,* 11 B.R. 54, 55 (Bankr.E.D.Pa.1981). The basic elements which must be proven are that: (1) the debtor obtained money through representations which the debtor knew to be false or made with such reckless regard for the truth as to constitute willful misrepresentation; (2) the debtor possessed scienter, i.e., an intent to deceive; and (3) the creditor reasonably relied on the false representation. *In re Kimzey,* 761 F.2d 421, 423 (7th Cir.1985). Actual fraud must be positively proven and a mere breach of contract by the debtor, without more, does not imply the existence of fraud. *See In re Emery,* 52 B.R. 68, 70 (Bankr.E.D.Pa.1985). However, if a debtor enters into an agreement intending not to comply with its terms, such contract may provide the basis for nondischargeability due to fraud if the other remaining elements are satisfied. *In re Taylor,* 49 B.R. 849, 851 (Bankr.E.D.Pa. 1985). But essentially, actual fraud consists of any deceit, artifice, trick, or design, with mindful intent to circumvent or cheat another. *In re Davis,* 11 B.R. 156, 158 (Bankr.D.Vt.1980). Moreover, fraud may consist of silence, concealment, or non-disclosure of a material fact. *In re Weinstein,* 31 B.R. 804, 809 (Bankr.E.D.N.Y. 1983). Finally, a "false pretense" involves an implied misrepresentation or conduct

which creates and fosters a false impression, as distinguished from a "false representation" which is an express misrepresentation. *Id.*

■ Krenowsky argues that the findings of civil conspiracy and fraudulent conveyances by the Delaware court are sufficient to bar discharge of the debt due her. Though determinations of dischargeability are within the exclusive jurisdiction of the bankruptcy court, it is well established in this Circuit that collateral estoppel may bar relitigating issues resolved in state court relevant to dischargeability in the bankruptcy forum. *In re Braen*, 900 F.2d at 624-26; *In re Ross*, 602 F.2d 604 (3d Cir. 1979). *See also Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979) ("[i]f, in the course of adjudicating a state-law question, a state court should determine factual issues using [identical] standards ... then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.") However, collateral estoppel is foreclosed when there are disparate burdens of proof in the state and bankruptcy forums. *Braen*, 900 F.2d at 624.

■ Haining points out that the burden of proof is only a preponderance in state court whereas it is clear and convincing under § 523. Though the state court did not indicate what burden of proof was required, Delaware case law reveals that civil conspiracy and fraud must be proven by a preponderance of evidence. *See Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del.1987) (civil conspiracy); *Nye Odorless Incinerator Corp. v. Felton*, 35 Del. 236, 162 A. 504, 510 (Del.Super.1931) (fraud).

In discussing the appropriate standard to be applied under § 523(a), the Court of Appeals in *Braen* strongly suggested that courts determining dischargeability issues should apply the preponderance standard which is the prevailing standard used by courts in most civil proceedings. 900 F.2d at 625-26. Yet, the Court by dicta stated that the historic clear and convincing standard should be applied to nondischargeability claims arising under § 523(a)(2). *Id.*

Since the burden of proof under § 523(a)(2) is higher than that required in state court proceedings, Krenowsky cannot succeed on a collateral estoppel argument. However, the court may consider the summary judgment motion based on the evidence submitted. *See In re Esposito*, 44 B.R. 817 (Bankr.S.D.N.Y.1984).

■ Overall, the Chancery Court trial transcript reveals numerous misrepresentations, express or implied, which constitute actual fraud or false pretenses. Haining contends there is an issue of material fact as to whether the requisite fraudulent intent existed at the debt's inception. This focuses on the scienter element required under § 523(a)(2)(A) which she seeks to negate by portions of Krenowsky's deposition testimony. She fails to recognize that subsequent conduct may reflect back to the promisor's state of mind and thus may be considered in ascertaining whether there was fraudulent intent. *In re Kelsey*, 9 B.R. 154, 157 (Bankr.W.D.Ky.1981).

■ An independent review of the trial record shows by clear and convincing evidence that Haining feigned friendship with the elderly Krenowsky and, after gaining her confidence, borrowed $88,000 from her and then fraudulently conveyed all of her assets to Mr. Hull without adequate and fair consideration. The most apparent misrepresentation was when Haining told Krenowsky that she (Haining) would be the owner of the Salem Church Road property when title was actually conveyed jointly to Hull and Haining. Haining's behavior in titling the house she bought (with money borrowed from Krenowsky) in this manner exemplifies that this was part of a scheme to defraud Krenowsky. Further, this scheme was advanced when shortly thereafter Haining began to transfer all her assets to Hull to the detriment of her creditors, especially Krenowsky. *See United States v. West*, 299 F.Supp. 661 (D.Del. 1969) (fraudulent conveyance presumed when debtor transfers property without adequate consideration). Haining admitted (after confessing to perjury) that she engaged in a "sham note" scheme with Hull to try to show an antecedent debt existed

so as to escape fraudulent conveyance charges. This latter scheme in itself is a civil conspiracy. *Cf. McLaughlin v. Copeland,* 455 F.Supp. 749, 752, (D.Del.1978) (specifying elements of civil conspiracy).

The only evidence in support of Haining's position is her own bald assertions which, in themselves, cannot defeat a motion for summary judgment, especially since her perjury raises serious doubts as to her credibility. *See* Fed.R.Evid. 608(b). In the end, all of the elements required under § 523(a)(2)(A), that is, misrepresentations (express or implied), scienter, reliance and damages are present.

There is no issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, summary judgment is appropriate. An order in accordance with this Memorandum Opinion is attached.

## ORDER

AND NOW, September 26, 1990, for the reasons stated in the attached Memorandum Opinion, the court finds that Defendant Eleanor Haining obtained money from Plaintiff Hildegard Krenowsky by actual fraud and under false pretenses;

THEREFORE, IT IS ORDERED that the Judgment, Order, and Decree of the Chancery Court of the State of Delaware in favor of Hildegard Krenowsky and against Eleanor Haining is nondischargeable under 11 U.S.C. § 523(a)(2)(A).