**In the Matter of Shirleen
G. REITZ, Debtor.**

**TICOR TITLE INSURANCE COMPANY,
a corporation of the State of
Delaware, Plaintiff,**

**v.**

**Shirleen G. REITZ, Defendant.**

**Bankruptcy No. 90–846.
Adv. No. 91–21.**

United States Bankruptcy Court,
D. Delaware.

Nov. 12, 1991.

**132**

Thomas D. Runnels, Newark, Del., for debtor/defendant.

Joseph M. Bernstein, Wilmington, Del., for plaintiff.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Defendant Shirleen Reitz, a Chapter 7 debtor, has moved under Fed.R.Civ.P. 12(b)(6) made applicable here through Bankruptcy Rule 7012(b) to ·dismiss the plaintiff's complaint seeking nondischargeability of a $19,121.31 debt. Plaintiff claims that this debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6). Since the complaint states sufficient facts to sustain causes of action under either of the these provisions, the defendant's motion to dismiss must be denied.

In deciding a 12(b)(6) motion to dismiss, the court must assume all the allegations set forth in the complaint are true. *Strum v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987) ("all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true as viewed in the light most favorable to the non-moving party.") In essence, the 12(b)(6) motion challenges the substantive merits of the complaint so as to test whether it states a legally sufficient claim based on the plain statement of facts alleged. Yet, in appraising the sufficiency of a given claim, the court should not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In accordance with notice pleading practiced in the federal courts, a pleading averring a claim for relief must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a); Bankr.R. 7008(a). However, pleading special matters such as fraud require that they "be stated with particularity." Fed.R.Civ.P. 9(b); Bankr.R. 7009. Since a 12(b)(6) dismissal has a *res judicata* effect, the plaintiff should ordinarily receive the opportunity to amend if the deficiencies in the complaint can be corrected by amendment. 1 Moore's Manual—Federal Practice and Procedure § 11.06[1].

*Background*

The complaint alleges that the debtor, as an officer of Shirleen's Craft Corner, executed a credit line agreement and accompanying note on January 16, 1987, for $20,000. The note was personally guaranteed by the debtor-defendant and her husband, Thomas J. Reitz, and was secured by a mortgage on their real property located at 10 Ironwood Drive, Newark, Delaware. As of June 30, 1988, the defendant had drawn cash advances under the credit line agreement totalling $19,121.31; interest and penalties on this sum are computed on a daily basis pursuant to the credit line agreement. The defendant and her husband sold and transferred their fee simple interest to Charles and Brenda Ferris on June 30,

1988. Nevertheless, the Bank of Delaware provided an erroneous payoff amount when requested by the settlement attorney for the information regarding the mortgage payoff figure. Apparently, the Bank also held a more senior mortgage on the subject real estate and reported only the payoff amount for the senior lien. Consequently, no funds were escrowed to satisfy the $19,121.31 debt under the equity line agreement. As a result, the purchasers did not receive a clear title on the 10 Ironwood Drive property and filed a claim under their title insurance with the plaintiff here, Ticor Title Insurance Company. The plaintiff paid off the outstanding amount owed to the Bank in order to clear title to the property pursuant to the title insurance policy and, in return, the plaintiff was subrogated to the rights of the Bank under the equity line agreement and related documentation. Plaintiff now seeks through its nondischargeability complaint to have the credit line agreement debt declared nondischargeable under section 523(a)(2)(A) and (a)(6) of the Code. Specifically, it contends that the defendant "obtained in excess of $20,000.00 from the proceeds of the sale of 10 Ironwood Drive by false pretenses, false representations, and actual fraud because defendant knew or should have known that she was obligated to repay the Bank of Delaware from the proceeds of the sale ...";  moreover, Ticor also alleges that "[b]y accepting and retaining the proceeds of sale of 10 Ironwood Drive, knowing that she was not entitled to such proceeds to the extent of her obligations to Bank of Delaware ... the defendant caused willful and malicious injury". The question is whether these facts alleged state a sufficient claim for relief under 11 U.S.C. § 523(a).

*Discussion*

■ In nondischargeability actions under Section 523(a) of the Code, the plaintiff-creditor must prove the elements by a preponderance of the evidence. *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The alleged facts in the complaint contend that the defendant-debtor obtained the Bank's lien proceeds from the property sale by false pretenses or actual fraud. Under the fraud nondis-

chargeability provision of 11 U.S.C. § 523(a)(2)(A), these allegations, if proved, would not permit discharge of this debt. Fraud may consist of silence, concealment, or non-disclosure of a material fact. *See In re Haining*, 119 B.R. 460, 463 (Bankr. D.Del.1990). In addition, a "false pretense" involves an implied misrepresentation or certain conduct which creates and fosters a false impression. *Id.* at 463–64. *See also Nicolet, Inc. v. Nutt*, Del.Supr., 525 A.2d 146 (1987); *Lock v. Schreppler*, Del.Super., 426 A.2d 856 (1981) (duty to speak arises in certain situations). In a real estate settlement, a party to the transaction certainly has a duty to speak or disclose information relevant to other interested parties to the transaction. Nevertheless, the plaintiff must come forward with some affirmative evidence to demonstrate scienter, i.e., an intent to deceive and cannot rely solely on the circumstances surrounding the transaction. *Haining*, 119 B.R. at 463. Therefore, the complaint sets forth enough facts to withstand a 12(b)(6) motion to dismiss on the fraud allegations.

■ As to the willful and malicious injury claim under 11 U.S.C. § 523(a)(6), the facts alleged in the plaintiff's complaint are also sufficient to preclude dismissal under Rule 12(b)(6). The factual circumstances are identical to those discussed earlier. Still, unlike fraud which must be plead with particularity, malice, intent, and knowledge may be averred generally. Fed.R.Civ.P. 9(b); Bankr.R. 7009. However, though the Federal Rules of Civil Procedure assist the pleader in sustaining a cause of action based on these elements, it does not permit the court to "infer" these conditions of mind at trial. Plaintiff must prove willful and malicious injury by a preponderance of evidence in order to succeed on its nondischargeability claim under § 523(a)(6) of the Code. *See In re Braen*, 900 F.2d 621, 624–26 (3d Cir.1990).