Palmacci v. Umpierrez            CV-96-271-M    09/26/96
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Stephen A. Palmacci,
      Appellant,

v.                                          Civil No. 96-271-M

P. Fernando Umpierrez,
      Appellee.


Richard Erricola,
      Trustee


                         O R D E R


      P. Fernando Umpierrez ("debtor"), filed for bankruptcy

protection under Chapter 7 of the United States Bankruptcy Code.

Stephen A. Palmacci ("creditor"), filed an Adversary Proceeding

pursuant to 11 U.S.C. § 523(a)(2)(A), claiming that the debt owed

him should not be discharged because it was the product of false

representations.  The United States Bankruptcy Court for the

District of New Hampshire (Vaughn, J.) directed a verdict in

favor of debtor, holding that the debt was dischargeable in

bankruptcy.  For the reasons discussed below, the bankruptcy

court's decision is affirmed.

## Factual Background

At an auction held on September 26, 1991, debtor purchased a condominium development known as "The Chase Project" for $144,000. Debtor placed $5,000 on deposit, with payment due in full in forty-five days. Unable to raise enough capital on his own, debtor solicited funds from outside investors, including creditor.

On November 7, 1991, creditor invested $75,000 in The Chase Project. Although there was no written agreement between creditor and debtor, creditor alleges that his investment was made on the condition that: (1) the funds invested would be held in trust, to be used for the development of The Chase Project; and (2) the debtor would invest $75,000 of his own money in the project.

On November 11, 1991, a trust was created and certificates of beneficial interest were issued to the investors, including creditor. All investments were subsequently placed into the trust, including creditor's $75,000 investment.

By December 11, 1991, debtor had contributed approximately $18,000 of his own funds into the trust. On January 13, 1992,

2

debtor secured a second mortgage on his home and deposited an additional $57,000 into the trust.

Shortly thereafter, debtor prepared a brochure and business proposal, which was distributed to all the investors in the project. The proposal stated that the project would have original investment capital of $250,000. The proposal also stated that the profit from the project would be $254,000.

The project did not succeed, and on May 12, 1995, debtor filed a Chapter 7 bankruptcy petition. Creditor filed an Adversary Proceeding pursuant to 11 U.S.C. § 523(a)(2)(A), claiming that debtor induced him to invest in the project through false representations. Specifically, creditor alleged that debtor represented, in reckless disregard of the truth, that the funds invested would be placed in a trust and that debtor would put $75,000 of his own money into the project. Creditor further alleged that debtor made these representations with the intent to deceive, and that creditor had justifiably relied on debtor's false representations to his detriment.

The bankruptcy court held that creditor's reliance on the fact that a trust would be created was not justified because at the time of his investment the creditor did not know any of the

3

terms of the trust.  Moreover, the court held that creditor did not sustain his burden of proving that debtor represented, in reckless disregard of the truth, that he would invest $75,000 of his own money.

## Standard of Review

On appeal, a district court reviews a bankruptcy court's legal determinations de novo.  In re G.S.F. Corp., 938 F.2d 1467, 1474 (1st Cir. 1990).  Findings of fact, however, are accorded much greater deference.  A district court will not disturb a bankruptcy court's factual findings unless they are clearly erroneous.  Briden v. Foley, 776 F.2d 379, 381 (1st Cir. 1985).  A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court, after consideration of all evidence before it, is left with the definite and firm conviction that a mistake has been made.  In re McIntyre, 64 B.R. 27, 28 (D.N.H. 1986).

## Discussion

### A.   Reckless Disregard of the Truth

Creditor argues that the bankruptcy court erred in finding that debtor did not make representations in reckless disregard of the truth in order to induce creditor to invest in The Chase Project.  Creditor's argument focuses on two basic representations — the alleged representation that debtor would personally invest $75,000, and the representations made in the Business Proposal concerning total investment and profit.  The bankruptcy court's rulings were based upon its factual findings in this particular case.  As noted above, a district court will not disturb findings of fact unless they are clearly erroneous.

The bankruptcy court found that debtor's representation regarding his own investment was not made in reckless disregard of the truth.  Although creditor argues that debtor knew, at the time the representation was made, that he did not have the necessary equity to invest $75,000 into the project, the argument is not supported by the evidence of record.  Debtor testified that he believed that he had sufficient equity in his home to invest $75,000 into the project.  Moreover, debtor testified that he believed that he had, in fact, made a personal investment of

5

$75,000. In light of that evidence, the bankruptcy court's factual finding was supported, and this court is certainly not left with a firm conviction that the bankruptcy court erred. Therefore, the court's finding is not clearly erroneous and will be upheld.

Creditor also alleges that debtor represented, in reckless disregard of the truth, that $250,000 would be invested in the project and that each investor would profit from their investments. The court found that the creditor had not met his burden of proof on this issue. That factual finding, too, is supported by evidence in the record. Debtor testified that $250,000 in cash was, in fact, invested into the project. Creditor's expert, a certified public accountant, confirmed debtor's testimony. Further, creditor's own testimony clearly indicates that he understood the Chase project to be a high risk investment. Creditor testified that regardless of the numbers presented in the business proposal, he knew that he might not profit, and in fact, that he may lose money on the deal. Thus, the record on appeal amply supports the factual finding of the bankruptcy court.

## B. Scienter

Creditor contends that the bankruptcy court relied solely on debtor's testimony of honest intent when determining whether his representations were made with the intent to deceive. Creditor argues that the bankruptcy court erred by not considering circumstantial evidence relevant to the representations.

In ruling upon the issue of intent to deceive, the bankruptcy court explicitly stated that creditor had not met his burden of proof. In establishing intent to deceive, creditor bore the burden of persuasion. In re Simpson, 29 B.R. 202, 211 (Bankr. N.D. Iowa 1983). Because proof of intent is always difficult to obtain, creditor could present evidence of the surrounding circumstances from which intent may be inferred. Id. However, evidence of surrounding circumstances must be sufficient to lead a court to find debtor's self-serving statement inconsistent and unbelievable. In re Matter of Van Horne, 823 F.2d 1285, 1288 (8th Cir. 1987).

Implicit in the bankruptcy court's finding that creditor did not meet his burden of proof is a finding that creditor did not present sufficient evidence of the surrounding circumstances to raise an inference of intent to deceive. Thus, the bankruptcy

7

court could have relied on debtor's statement of honest intent, particularly where debtor's testimony was consistent and the court found his testimony to be credible. The bankruptcy court's factual finding that debtor did not possess the requisite intent to deceive was not based upon an improper refusal to consider circumstantial evidence, nor was it clearly erroneous, and thus, it cannot be disturbed.

## C. Justifiable Reliance

Creditor also argues that the bankruptcy court failed to rule on the issue of whether creditor justifiably relied upon the debtor's representation that he would invest $75,000 of his personal funds into the project. This argument is neither persuasive nor supported by the record.

Where an allegation of false representation has been made, creditor has the burden to prove all three elements, that is, creditor must prove that: (1) debtor made a false representation with reckless disregard of the truth; (2) the representation was made with the intent to deceive; and (3) the creditor justifiably relied on the representation.

The bankruptcy court found that creditor failed to meet his burden to show that debtor stated, <u>in reckless disregard of the truth</u>, that he would invest $75,000, or that he made that representation with the intent to deceive.  Since creditor did not satisfy either the first or second prong of the test, it was unnecessary for the bankruptcy court to address the third prong — whether creditor justifiably relied on debtor's representation.

**D.    Expert Testimony**

Finally, creditor argues that the bankruptcy court improperly restricted the testimony of creditor's expert, a certified public accountant, to matters related to creditor's initial investment.

Whether to admit or reject expert testimony is committed to the sound discretion of the trial court.  <u>U.S. v. Valle</u>, 72 F.3d 210, 214 (1st. Cir. 1995); <u>Int'l Adhesive Coating Co., Inc. v. Bolton Emerson Int'l</u>, 851 F.2d 540, 544 (1st Cir. 1988).  Typically, the trial court enjoys great latitude in respect to such discretionary judgments.  <u>See</u>, <u>e.g.</u>, <u>Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, Inc.</u>, 814 F.2d 32, 40 (1st Cir.), <u>cert. denied</u>, 484 U.S. 820 (1987); <u>U.S. v. Wilson</u>, 798 F.2d 509,

517 (1st Cir. 1986).  The trial court's determinations will not be disturbed absent a clear abuse of that discretion.  <u>Valle</u>, 72 F.3d at 214.

Although evidence of subsequent conduct may have reflected the debtor's state of mind at the time of creditor's initial investment, generally subsequent conduct is only properly considered when the conduct is part of an overarching scheme or pattern of misrepresentations.  <u>Matter of Haining</u>, 119 B.R. 460, 464 (Bankr. D. Del. 1990); <u>In re Woolley</u>, 145 B.R. 830, 836 (Bankr. E.D. Va. 1991).  No such overarching scheme or pattern was alleged or proved in this case.  Therefore, the bankruptcy court properly limited the expert's testimony to the creditor's initial investment.

## Conclusion

Upon careful review of the record and the applicable legal authorities, the findings and rulings of the bankruptcy court are affirmed in all respects.  Judgment shall be entered accordingly.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 26, 1996

cc:  Dorothy Silver, Esq.
     Alan I. Cantor, Esq.
     Richard B. Erricola
     George Vannah