In re Robert C. REDDEN, Debtors.

Edward R. Collum, Plaintiff,

v.

Robert C. Redden, Defendant.

Bankruptcy No. 95–1485.
Adversary No. 96–27.

United States Bankruptcy Court,
D. Delaware.

May 19, 1999.

Henry A. Heiman, Rosslyn, VA, Eugene M. Lawson, Wilmington, DE, for debtor.

Stephen P. Ellis, Georgetown, DE, for plaintiff.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD,
Bankruptcy Judge.

Before the court is Debtor's motion for summary judgment or dismissal[2] of the Plaintiff's amended complaint. The

---

**1.** This adversary proceeding is within the core jurisdiction of the bankruptcy court. 28 U.S.C. § 157(b)(2)(I). This Memorandum Opinion constitutes the court's findings of fact and conclusions of law.

**2.** In deciding the motion to dismiss the court is required to treat the allegations in a light most favorable to the nonmoving party.

Reading the amended complaint in that fashion indicates that a claim for relief has been stated and that if the court were to find as true the facts stated therein, relief could be accorded to the Plaintiff. Therefore, a motion to dismiss is not well founded and will be denied.

amended complaint seeks to have a debt declared nondischargeable under 11 U.S.C. § 523(a)(2)(A). Debtor's motion requests entry of a dismissal under Federal Rule of Bankruptcy Procedure 7015[3] for failure to state a claim upon which relief can be granted or, in the alternative, under Federal Rule of Bankruptcy Procedure 7056 for summary judgment on the grounds that there are no issues of material fact and that Debtor is entitled to judgment as a matter of law. The Plaintiff has responded. Both parties have attached exhibits to their pleadings. For this reason, the court will treat the motion as a motion for summary judgment.

In order to grant summary judgment, the court must review the record and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion. The record must reflect that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hon v. Stroh Brewery Co.*, 835 F.2d 510, 512 (3d Cir.1987).

To prevail in an action to determine a debt nondischargeable under § 523(a)(2)(A), a plaintiff must prove: (1) that the debtor obtained money, property, services, or an extension, renewal or refinancing of credit through representations which the debtor knew to be false when made or that were made with such reckless disregard for the truth as to constitute wilful misrepresentation; (2) that the debtor possessed an intent to deceive; and (3) that the creditor reasonably relied on the false representation. *In re Haining*, 119 B.R. 460, 463 (Bankr.D.Del.1990).

A reading of the amended complaint and the answer to the amended complaint establishes that all of the essential facts of the dispute between the parties are contested. The Plaintiff asserts that he and Debtor entered into a sales contract for the purchase of the Plaintiff's property at 10 East Chapman Street in the City of Alexandria, Virginia, on May 6, 1992. Plaintiff contends that the agreement of the parties permitted the substitution of collateral under some circumstances. Plaintiff asserts that as part of the sales contract he agreed to take back a $67,000.00 promissory note to be secured by a deed of trust on a parcel of property located at 5611 Quincey Street in Hyattsville, Maryland. A copy of the handwritten "Addendum to Contract of Sale" dated May 6, 1992, is attached as Exhibit C to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment or Dismissal ("Plaintiff's Memorandum") (Docket No. 38). It includes an agreement by the Plaintiff to put a second deed of trust on the property at 450 S. Burlington Road, Hyattsville, Maryland, 20784, for $70,000, and specifies other terms and conditions, including a substitution of collateral if the Burlington Road property were to be sold "with mutual consent."

However, Exhibit D is a promissory note dated July 16, 1992, in which Debtor promised to pay Plaintiff $67,000, to be secured by a second deed of trust on "lot 60 in Block D, in the subdivision known as 'VILLA HEIGHTS.'" Exhibit E is the deed of trust dated July 16, 1992, on that same described lot, located in Prince George's County, Maryland.

The court cannot determine from these instruments whether they relate to the "5611 Quincy Street, Hyattsville, Maryland" property Plaintiff alleges as the subject of this amended complaint in paragraphs 4(a) through 4(c). However, Exhibit I, a "Certificate of Partial Satisfaction", contains a notarized statement by Plaintiff, dated June 11, 1994, that a deed of trust dated July 16, 1992, securing "5611 Quincy Street" had been "partly satisfied" and that he released the lien.

---

**3.** Although Plaintiff states that the motion is brought pursuant to Federal Rule of Bankruptcy Procedure 7015, the defense of failure to state a claim is actually found in Federal Rule of Bankruptcy Procedure 7012(b)(6).

The unpaid obligation under the deed of trust note was then transferred to and "secured by property located at 614 Fontaine Street in the City of Alexandria, Virginia." Exhibit A to Exhibit I refers to Lot 60, Block D, in the subdivision of Villa Heights. From this, the court concludes that the Lot 60, Block D property is also known as 5611 Quincy Street.

On or about April 29, 1994, Debtor sold the Maryland property and proceeds were placed in escrow by the Maryland title company. Debtor acknowledges the sales agreement of May 6, 1992, and the sale of the property with the escrow in April of 1994. Debtor disagrees, however, that the initial sales contract was to be funded by a takeback promissory note of $67,000.00 to be secured by the property in Maryland.[4] Debtor contends that at the time of sale, Plaintiff had a wholly unsecured third lien position on the Maryland property and, therefore, had no control over the escrow. Rather, Debtor alleges that the first mortgagee (his father) agreed to pay $10,104.49 of that escrow to Plaintiff as a condition of Plaintiff's signing the release. Nothing in the Amended Complaint refers to or acknowledges such an agreement or payment.

The amended complaint then enumerates representations and actions allegedly taken by Debtor to fraudulently induce the Plaintiff to release the money held in escrow by substituting a second deed of trust on a property located at 514 Fontaine Street for the money. Plaintiff alleges that he released the escrow in reliance on Debtor's false statements and put a second deed of trust on the property. The amended complaint alleges that at the time the second deed of trust was placed on the property, Debtor represented that he owned, when in fact he did not own, the Fontaine Street property. The amended complaint further alleges that Debtor represented that the first mortgage on the Fontaine Street parcel was current when, in fact, Debtor had defaulted on the first mortgage payment at the time the representation was made. Debtor denied all of these allegations.

Exhibit G to Plaintiff's Memorandum (Docket No. 38) is a copy of a deed of trust dated December 21, 1993, by which Debtor conveyed to Plaintiff an interest in property located at *614* Fontaine Street in Alexandria, Virginia.[5] Exhibit H is a copy of a notarized allonge[6] signed on June 11, 1994, by both Debtor and Plaintiff. Exhibit I substitutes the *614* Fontaine Street property. For reasons unknown, the December 21, 1993, deed of trust was not recorded until May 26, 1994, as evidenced by Exhibit E to Debtor's Motion for Summary Judgment or Dismissal (Docket No. 36). Debtor transferred the Fontaine Street property to a third party in April of 1994. The facts relating to this transaction are in dispute and not capable of resolution on the pleadings and documents submitted. These allegations are material to a resolution of whether the debt should be declared nondischargeable under § 523(a)(2)(A).

Moreover, the issue of Debtor's intent in making the representations and taking the actions alleged in the complaint is a material issue which is not subject to adjudication by summary judgment. *See, e.g., ATACS Corp. v. Trans World Communications, Inc.,* 155 F.3d 659, 665 (3d Cir. 1998) (interpretation of contractual language to discern contractual intent is a fact question); *In re Stendardo,* 991 F.2d 1089, 1094 (3d Cir.1993) (existence of actu-

---

4. The only other relevant and material allegation in the Amended Complaint that Debtor admits is that he filed a Chapter 7 bankruptcy petition on or about November 13, 1995, in the District of Delaware.

5. The amended complaint alleges that the property substituted as collateral was located

at *514* Fontaine Street and Debtor admitted the allegation. No explanation for this discrepancy is evident in the record.

6. The allonge is a written modification of the promissory note, signed by the parties and notarized.

al fraudulent intent is a question of fact). *See also In re Cohn,* 54 F.3d 1108 (3d Cir.1995) (because intent is extremely difficult to prove by direct evidence, it can be inferred from the totality of the circumstances, including a reckless disregard for, or reckless indifference to, the truth).[7]

Debtor also alleges that the amended complaint filed by Plaintiff was the same as the original complaint upon which the court previously declined to enter summary judgment or judgment on the pleadings. *See* letter opinion and order of December 11, 1997, Docket No. 29. Regardless of the particulars of the original complaint, we find that the amended complaint fairly alleges the elements of § 523(a)(2)(A). The court's earlier opinion determined that the original complaint "impliedly asserts that the elements of § 523 are fulfilled by the prior Virginia State court's default judgment" against Debtor. The bankruptcy court determined that the original complaint filed in this adversary proceeding sought application of issue preclusion principles only. The court determined that the Virginia State court's test for issue preclusion was not met in this case. Further, the state court judgment made no findings with respect to the elements of fraud. The bankruptcy court also noted that no actual litigation had been conducted on the fraud issue in the state court. Accordingly, the court granted Plaintiff leave to file an amended complaint which we find adequately pleads the elements of § 523(a)(2)(A). Debtor has misconstrued the bankruptcy court's earlier opinion.

Debtor also contends that in December, 1993, at the time the deed of trust was executed, he owned the Virginia property. Plaintiff alleges that when he agreed to substitution of collateral on June 11, 1994,

Debtor no longer owned the property upon which a deed of trust was to be granted as substitute collateral, having sold the property in April of that year. A material issue of fact exists on this point alone. Summary judgment is not appropriate.

For these reasons, the motion for summary judgment is denied. The court will conduct a brief pretrial conference to determine how much time will be necessary for trial.

---

7. Debtor submitted a Memorandum of Points and Authorities in Support of Motion to Strike and Response to Plaintiff's Late Filed Opposition (to the motion for summary judgment). Debtor has not alleged prejudice by the late filing of the answer to the motion for summary judgment which was filed a week late and no prejudice is apparent. In fact, this adversary has been pending since 1996; a one-week delay is insignificant under the circumstances. By separate order, the court denied the motion to strike.